FULTON and others, Plaintiffs and Respondents, vs. FIRST VOLUNTEER COMPANY OF OCONTO and others, Defendants and Respondents, STATE ANNUITY AND INVESTMENT BOARD, Defendant and Appellant.

*March 11—April 7, 1931.*

356

For the appellant State Annuity and Investment Board there was a brief by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, and oral argument by *Samuel Bryan,* assistant attorney general.

For the respondents there was a brief by *A. J. Whitcomb* of Oconto, *A. V. Classon* of Oconto, and *W. B. Surplice* of

Green Bay, and oral argument by *Mr. Whitcomb* and *Mr. Surplice*.

FAIRCHILD, J. As described in the statement of facts, the State Annuity and Investment Board loaned a large sum of money to the defendant corporation, taking back a mortgage as security. The loan was made after the commencement of construction upon the building, and the appellant now claims that the lien claimants are not entitled to have their liens adjudged prior in point of time to the mortgages acquired by the appellant.

Sec. 289.01, Stats., provides for mechanics' liens, and provides further that—

"Such lien shall be prior to any other lien which originates subsequent to the commencement of the construction, repairs, removal or work aforesaid of or upon such dwelling house, building, machinery, structure or work; shall also be prior to any unrecorded mortgage given before the commencement of such construction, repairs, removal or work, of which mortgage the person claiming the lien has no notice. . . ."

This section gives to those who furnished materials and labor for building, a lien upon the premises running from the time of the commencement of the building and makes such lien prior to liens originating after the commencement of the construction, except in the single instance of building and loan associations. Sec. 215.15.

The appellant, although a state agency, is a proper party. It is provided in the constitution (sec. 27, art. IV) that the legislature shall direct by law in what manner and in what courts suits may be brought against the state, and our legislature has provided in sec. 262.10, Stats., as follows:

"The state may be made a party defendant in any action to quiet title under the provisions of section 281.01 or between other parties, when necessary to the proper determina-

tion of their rights, and the summons be served by delivering a copy to the attorney general or leaving it at his office in the capitol with his assistant or clerk. But no judgment for the recovery of money or personal property or costs shall be rendered in any such action against the state."

Sec. 289.09, Stats., relating to the foreclosure of mechanics' liens, authorizes the joining as defendants of all lien claimants who do not join as parties plaintiff. To effectively conclude the matter, all claimants are necessary and proper parties, including the holders of mortgages against the premises.

The effect of the demurrer is to admit, for the time being, the truth of the allegations of the complaint, and there is admitted here that the state does claim some interest in the property, which interest is alleged to be subsequent to the right of the lien claimants, plaintiffs and defendants.

Because a general statute may not be construed to include to its hurt the state, the appellant takes the position that the lien holders may not urge against their mortgage the statutes providing for mechanics' liens and fixing such liens prior to any mortgage recorded after the construction of the building has been commenced. The rule relied on by appellant does not impair vested rights nor in any wise affect obligations of contract. The most general words that can be employed do not affect the state if they do not restrain or diminish its rights or interest. A lien statute, no matter how inclusive, would not give a lien on state property without the express consent of the state through its legislature, but a lien against private property fixed under a general law in favor of a laborer or materialman cannot be disturbed by the state simply because its agent made a subsequent loan.

The rule of construction which protects the state against general legislation is a rule of certainty based upon the sovereign right to be free from the effects of legislation unless it has expressly consented to be included in the terms of the

statute. But this rule is not violated by holding, and it cannot be to the hurt of the state to hold, that in the purchase of a security it acquires only such right as it buys, and that it has not acquired a first lien when, as a matter of law and fact, it has not secured a prior lien. The agency of the state has no more free hand than a private person in the matter of loaning money. It cannot compel a borrower to give greater security than he possesses. Nor can it by the simple act of loaning money make prior liens vanish or change their position in the line of priority. The learned trial court in ruling on this demurrer said:

"If at the time said loan was made and the mortgage recorded another mortgage prior to the state mortgage had been made and recorded, could the state be heard to say that its mortgage was a first lien and took priority over the lien that had already attached? . . . At the time the state made its loan and took a mortgage as security, certain liens or property rights had already attached. The United States constitution, among other things, provides in art. XIV, sec. 1 : 'Nor shall any state deprive any person of life, liberty or property without due process of law.' "

The purpose of the rule relied on by appellant, that general statutes are not to be construed to include to its hurt the state, is to prevent interference with the exercise of authority in the administration of the affairs of state or community. The government exists primarily for the protection of the people in their individual rights, and when the legislature enacts a law giving materialmen, laborers, and others certain lien protection against the property upon which they are working, this being private property, and by mischance a 'state agency accepts a mortgage which is in fact a second mortgage, there is no method by which the owner of the prior lien can be divested of his right without just compensation.

The following language used in *Cleveland T. & V. R. Co. v. State ex rel. Ellis,* 85 Ohio St. 251, 97 N. E. 967, ·39

L. R. A. N. s. 1219, 1226, is appropriate here: "In this respect the state was acting, not in its capacity as a sovereign, but in its proprietary capacity as the owner." And when it acts in this capacity it is bound by the same rules as those which it applies to its citizens. Nothing presented casts doubt upon the correctness of the view thus comprehensively stated by RANNEY, J., in *State v. Buttles,* 3 Ohio St. 309:

"We agree . . . when the state appears as a suitor in her courts to enforce her rights of property, she comes shorn of her attributes of sovereignty, and as a body politic, capable of contracting, suing, and holding property, is subject to those rules of justice and right which in her sovereign character she has prescribed for the government of her people."

Appellants are directed by statute to invest in securities authorized by sec. 206.34, which provides among other things, "in loans secured by mortgages upon unincumbered and wholly or partially improved real estate." The premises here involved were incumbered when the loan was made by appellants' predecessor in office because the construction of the building had been begun before that, and by virtue of the lien statute all labor and material going into the construction and completion of the building was protected by a "lien thereupon and upon the interest of the owner . . . such lien shall be prior to any other lien which originates subsequent to the commencement of the construction."

The First Volunteer Company of Oconto is a corporation owning and renting the premises involved here. Its purpose is wholesome and beneficial to the state, but it is a private enterprise and subject to the lien sought in this action.

It follows from the allegations of the complaint that the appellants' mortgage is subsequent to the liens of the respondents and that the demurrer was properly overruled.

*By the Court.*—Order affirmed, and cause remanded with directions for further proceedings according to law.