STATE EX REL. LA FOLLETTE, Petitioner, vs. DAMMANN, Secretary of State, Respondent.

*November 8, 1935—January 7, 1936.*

18

For the petitioner there was a brief by the *Attorney General, Herbert H. Naujoks,* assistant attorney general, and *Harold M. Wilkie* of Madison, special counsel, and oral argument by *Mr. Wilkie* and *Mr. Naujoks.*

*William H. Spohn* of Madison, for the respondent. .

A brief was filed by *Harold V. Schoenecker,* and *Charles H. Phillips,* both of Milwaukee, and *Maurice P. Coakley* of Beloit, as *amici curiæ.*

A brief was also filed for Fred R. Zimmerman as *amicus curiæ* by *Walter A. Williams* of Waukesha.

NELSON, J.   The principal question to be determined is whether the complaint states a cause of action.   Upon a general demurrer the allegations of the complaint, which are not mere conclusions of law, must be considered as true.   *State ex rel. Duesing v. Lechner,* 187 Wis. 405, 204 N. W. 478; *Fulton v. State Annuity & Inv. Board,* 204 Wis. 355, 236 N. W. 120; *Gumz v. United States F. & G. Co.* 209 Wis. 408, 245 N. W. 82; *United Artists Corp. v. Odeon Building, Inc.,* 212 Wis. 150, 248 N. W. 784.

Whether the complaint states a cause of action for declaratory relief under sec. 269.56, Stats. (Uniform Declaratory Judgments Act) must be determined by the provisions of that act as construed by this court and the courts of other states.

The Uniform Declaratory Judgments Act is comparatively new in American jurisprudence. It was first adopted by the states of Tennessee and Wyoming, effective February 21, 1923. See 9 Uniform Laws Annotated, p. 120. It was adopted in this state in 1927. (Ch. 212, Laws of 1927.) By its very terms it is "declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Sec. 269.56 (12), Stats. It is to be "so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees." Sec. 269.56 (15), Stats.

The act provides a remedy which did not exist prior to its enactment except in a limited number of cases, *i. e.,* equitable cases in which the removal of clouds from title was sought, cases in which a declaration as to the nullity of void contracts of marriage was asked, actions of interpleader, etc., *Nashville, C. & St. L. R. Co. v. Wallace,* 288 U. S. 249, 263, 53 Sup. Ct. 345, in all of which cases a judicial declaration of the pre-existing rights of the parties was sought. Judicial relief may now be obtained in many situations which involve the vindication of assailed or challenged rights, the clarification and stabilization of unsettled legal problems, the removal of clouds on rights, creating peril, insecurity, fear, and doubts, without the necessity of prior violence. Borchard, Declaratory Judgments, p. 17.

While there is some confusion even in the holdings of the courts which look with favor upon the law, and sense or appreciate the striking economical and social justice which will accrue from this remedy, they are in substantial accord as to what facts and conditions should exist in order that the remedy afforded by the act may be invoked.

The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows:

(1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.

(2) The controversy must be between persons whose interests are adverse.

(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

(4) The issue involved in the controversy must be ripe for judicial determination. Borchard, Declaratory Judgments, pp. 26–57.

In the absence of constitutional provisions so requiring, courts will not render merely advisory opinions, even though such opinions be requested by co-ordinate branches of the government.

The act specifically provides that "the enumeration of subsections (2), (3), and (4) does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty," sec. 269.56 (5), Stats., and that "the court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Sec. 269.56 (6), Stats.

Do the allegations of the complaint reveal a justiciable controversy between adverse interests in which the plaintiff has a legal or protectible interest which is now ripe for judicial determination?

It is our conclusion that the complaint reveals no existing justiciable controversy between the plaintiff as governor and the defendant as secretary of state. There exists, to be sure, a difference of opinion as to the power of the governor to

make *ad interim* appointments to various statutory offices which he asserts are vacant, but clearly that difference of opinion does not prevent the exercise of whatever power the governor has to make *ad interim* appointments to office. The opinion of the defendant does not give rise to a justiciable controversy, even though it is asserted that, because of such opinion, the plaintiff will be unable to secure suitable persons to fill vacancies and unexpired terms on the various boards and commissions. Difference of opinion is not enough to make a justiciable controversy. *Garden City News v. Hurst,* 129 Kan. 365, 282 Pac. 720; *Williams v. Flood,* 124 Kan. 728, 262 Pac. 563.

It is our opinion that, since the exercise of such appointing power as the governor possesses under the laws of this state is not prevented, and since that power is not invaded, by the expressed opinion of the defendant, the plaintiff asserts no legal or protectible interest which may properly be vindicated in an action for a declaratory judgment.

It is also our opinion that, if the dispute between the plaintiff and the defendant may be considered as the beginning of a controversy, it is not now ripe for adjudication, since the plaintiff has made no appointments to any of such offices and there is consequently no one who can presently assert a legally protectible interest—a right to an office or the emoluments thereof—which the court may vindicate by a declaratory judgment. The court ordinarily will not decide as to future or contingent rights, but will wait until the event giving rise to rights has happened, or, in other words, until rights have become fixed under an existing state of facts. *Miller v. Currie,* 208 Wis. 199, 242 N. W. 570; *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174.

Would a judgment now rendered terminate the uncertainty or controversy?

It is our opinion that, even if we were willing to depart from the established law and, as a matter of courtesy to the plaintiff, state fully our opinion as to the merits of the differ-

ence of opinion that exists between the plaintiff and the defendant, any declaratory judgment that we might render would not terminate the uncertainty or controversy, since neither the prospective appointees nor those who are presently occupying many of the offices as holdover officials pursuant to law are now before us. Any declaratory judgment that we might now render would in no real sense be binding either upon those who may hereafter be appointed to office, or upon the present occupants thereof. That circumstance alone is sufficient to cause us to refrain from rendering a declaratory judgment at the present time, since the rights of the very persons whose protectible interests are sought to be affected by the requested declaratory judgment would not be prejudiced thereby, sec. 269.56 (11), Stats., and the uncertainty or controversy so-called, which gave rise to this proceeding, would not be terminated, sec. 269.56 (6), Stats. *State ex rel. v. Board of Com'rs of Wyandotte County,* 128 Kan. 516, 279 Pac. 1; *Harrell v. American Home Mortgage Co.* 161 Tenn. 646, 32 S. W. (2d) 1023; *Sadler v. Mitchell,* 162 Tenn. 363, 367, 36 S. W. (2d) 891; *Miller v. Miller,* 149 Tenn. 463, 261 S. W. 965.

Because the plaintiff's complaint does not state facts which warrant the rendering of a declaratory judgment, and because the uncertainty or controversy would not be terminated, we are impelled to the conclusion that any opinion which we might presently express would be merely advisory.

*By the Court.*—The demurrer to the complaint is sustained and the petition dismissed.