195 So. 593

**KLEIN v. JEFFERSON COUNTY BUILD-
ING & LOAN ASS'N.**

**6 Div. 659.**

Supreme Court of Alabama.

April 19, 1940.

J. J. Scarborough, Jr., of Birmingham, for appellant.

462

W. H. Woolverton, of Birmingham, for appellee.

**BOULDIN, Justice.**

William L. Klein (appellant), a stockholder in Jefferson County Building & Loan Association (appellee), instituted this proceeding under the Declaratory Judgment Act, Gen.Acts 1935, p. 777, to test the constitutionality of certain features of the "Savings and Loan Act," approved September 21, 1939, Gen.Acts 1939, p. 616 et seq.

It appears from the complaint, admitted by the answer, that Jefferson County Building & Loan Association, organized under State Laws, was, for many years, actively engaged in conducting a Building & Loan Business, but having acquired a great number of pieces of real estate by foreclosure of mortgages given by borrowers, has not, for several years past, been engaged in making loans, or accepting money from investors, and has been conserving its resources, collecting its outstanding mortgages, and selling its real estate. This Association is not in position to qualify and be converted into a "Savings and Loan Association" under the new act, supra.

At the annual meeting of shareholders, January 9, 1940, at which shareholders holding more than two-thirds in value were represented, a resolution was unanimously adopted—"To comply with the provisions of the above mentioned Act of the Legislature of Alabama by forming a new corporation to take over the remaining assets of said Association in accordance with the provisions of Section 46½ of said Act of the Legislature of Alabama, such resolution providing for the organization of said new corporation in either of the two methods provided for by said Act as might seem preferable to the officers and directors of said Association."

It is averred the directors propose to carry out this resolution; but if the act is unconstitutional, great confusion, expense, clouds on titles to real estate, etc., would be involved.

Plaintiff expresses grave doubt of the constitutionality of the "Savings and Loan Act" in so far as it purports to authorize the proposed action; and prays for a declaratory judgment adjudicating whether or not:

"1. Said Act of the Legislature of Alabama is constitutional insofar as the provisions of Article 9, and in particular Section 46½ thereof, are concerned;

"2. Whether or not said new corporation can be formed under either or both of the methods provided for in Section 46½;

"3. Whether or not, if said new corporation is formed under the second method provided for in said Section 46½, such new corporation will be vested by operation of law with title to all of the property and assets owned by said Association at the time of the formation of said new corporation without the necessity of the execution and recording of a formal conveyance of such property and assets by Association to said new corporation."

The trial court, holding justiciable issues were presented, rendered his declaration, answering each of above inquiries: "Yes."

Touching inquiry No. 1, the constitutionality of Article 9, and particularly Section 46½ of the "Savings and Loan Act," are challenged on the ground that these provisions are not germane to the

subject expressed in the title of the Act, and, therefore, violative of Section 45 of our Constitution.

The title of the Act is quite inclusive.

■ The subject of legislation is the creation, operation, supervision, termination and regulation of all associations accepting monies from the public for the promotion of thrift and the financing of homes; the operation, supervision, termination and regulation of all corporations heretofore incorporated under the laws of this State for the conduct of the same business.

■ It is designed to cover this field of legislation, repealing pre-existing statutes pertaining to Building & Loan Associations.

The body of the Act looks to the future conduct of this business by "Savings and Loan Associations," whose creation, management, supervision, final termination and liquidation are set forth in much detail, designed, among other things, to give holders of accounts the protection of insurance by the Federal Saving and Loan Insurance Corporation.

The Act makes provision for Building and Loan Associations incorporated and operating under former statutes to qualify and be converted into Savings and Loan Associations.

Article 9 (Section 46) requires steps taken to this end within a grace period of twelve months. All associations not qualifying under the new Act within twelve months, or such extended time as the Commissioner may allow not exceeding six months (Section 48), are to be liquidated in the same manner Savings and Loan Associations going out of business are to be liquidated (Section 49).

Section 46½, inserted by amendment, empowers such Building and Loan Associations, with the consent of the holders of two-thirds of the book value of outstanding stock, to form a corporation under the general corporation laws of the State and merge the Building and Loan Association into such new corporation on specified conditions.

Said Section 46½ provides, in the alternative, that the Building and Loan Association may become a new body corporate in a manner therein specified.

Such new body corporate shall by operation of law be vested with title to all the assets, real and personal, of the parent association.

The new corporate entity to be set up under either alternative of Section 46½ is not to engage in a Building and Loan Business. They are designed to be liquidating agencies set up by those interested in the assets to be liquidated, rather than under the conservator and receivership features of the Act.

■ The liquidation of an association, which has gone out of business and the distribution of its assets among those entitled thereto, is a natural feature of such legislation, and provisions to that end, deemed advisable by the Legislature, are germane to the subject expressed in the title of this Act. Neither Article 9, nor Section 46½ as a part of this Article, is violative of Section 45 of the Constitution. Ballentyne v. Wickersham, 75 Ala. 533; First Nat. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38; Heck, State Comptroller v. Hall et al., 238 Ala. 274, 190 So. 280; Yeilding et al. v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; Lindsay v. United States Savings Association et al., 120 Ala. 156, 24 So. 171, 42 L.R.A. 783.

Touching inquiry No. 1, a further question is raised as to Legislative Power to put out of business corporations legally organized and in business before the passage of this Act upon failure of such associations to qualify under the new Act. No authority is cited in support of such contention.

This Jefferson County Building and Loan Association was admittedly chartered since Article XIV, Section 10, Constitution of 1875, now Section 238, became a part of our State Constitution.

■ The power to amend or repeal corporate charters, preserving a right of control by the creator over his creature, was thus written into charters thereafter granted. Building and Loan Associations are quasi public institutions. This furnishes the occasion for legislative regulation as experience shall dictate in the common interest. Skinner's Alabama Constitution, § 238; Alabama Traction Co. et al. v. Selma Trust & Savings Bank, 213 Ala. 269, 104 So. 517; Mayor, etc., of Mobile v. Stonewall Insurance Company, 53 Ala. 570; Randle v. Winona Coal Co. et al., 206 Ala. 254, 89 So. 790, 19 A.L.R. 118; 9 Am.Jur. p. 101, § 8; 13 Am.Jur. p. 233, § 90; 12 C.J.S., Building and Loan Associations, p.

406, § 7 b; 19 C.J.S., Corporations, p. 1428, § 1654.

It is implied, as of course, that the corporate agencies set up under Section 46½ shall undertake, as part of their purpose, a lawful liquidation, in which the property rights of all parties in the assets liquidated shall be conserved.

It is within legislative power to authorize the disposition of all the corporate assets by consent of stockholders holding two-thirds in value. It is not essential there should be unanimous consent. The rights of minority stockholders are to be protected the same as majority stockholders. Maben v. Gulf Coal & Coke Co. et al., 173 Ala. 259, 55 So. 607, 35 L.R.A.,N.S., 396; 12 Am.Jur. p. 1113, § 1216; Note 79 A.L.R. 626; 19 C.J.S., Corporations, 1414, § 1642.

There was no want of legislative power to insert in Section 46½ the following provision:

"The new body corporate shall by operation of law be vested with all the property and assets of such Building and Loan Association." Carpenter et al. v. First Nat. Bank of Birmingham, 236 Ala. 213, 181 So. 239; 13 Am.Jur. 1099, § 1196.

We limit our consideration, as always to constitutional questions presented by the record and briefs of counsel. Statutes are enacted by a co-ordinate department of the government, charged with the same duty to uphold the Constitution. Legislative acts are presumed to be constitutional.

The onus is on him who challenges their constitutionality to point out wherein some definite constitutional safeguard has been ignored, or some constitutional right infringed. Courts will not assume the role of legal adviser, search out, and consider every constitutional question which may be raised.

With this limitation, the decree or declaration of the trial court is affirmed as to all inquiries, 1, 2 and 3, above set out.

No question as to a justiciable issue being presented by the record was raised by either party. Without question this court, of its own motion, should determine any question of jurisdiction.

One of the most useful fields for the Declaratory Judgment Act is to settle questions touching the constitutionality of statutes. The consequences of proceeding under void enactments is thus avoided.

When one party is proceeding under the statute and the other has property rights which will be gravely affected by such proceeding, and the parties have a bona fide divergence of opinion as to the constitutionality of the Act, a justiciable controversy is presented. It is not a question of bold and dogmatic allegations of unconstitutionality.

At most these are matters of opinion between litigants, or their counsel, and can add nothing to the allegations of the pleading.

We are of opinion a justiciable issue is here presented, that the court below properly entertained the suit, and this court on appeal should consider and settle the constitutional questions duly presented. Declaratory Judgment Act, Section 2, Acts of 1935, p. 778; 16 Am.Jur. p. 296, § 24; Herbert v. Perry et al., 235 Ala. 71, 177 So. 561; Thompson v. Chilton County et al., 236 Ala. 142, 181 So. 701; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92.

Affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.

ANDERSON, C. J., and BROWN, J., dissent.

KNIGHT, J., not sitting.

BROWN, Justice (dissenting).

The appellant, a stockholder in the Jefferson County Building & Loan Association, filed the petition in this case against the corporation, under the Declaratory Judgment Act, seeking to invoke the court's jurisdiction to enter a declaratory judgment as to the constitutionality of "Certain features of the 'Savings and Loan Act'" No. 459, approved September 21, 1939.

As a basis for relief the petition avers:

"That on, to-wit: January 9th, 1940, the said Association held its annual meeting of shareholders, at which more than two-thirds in value of its shareholders were present in person, or by duly executed proxies, at which meeting resolutions were unanimously adopted authorizing said Association to transfer to Jefferson Federal Savings and Loan Association of Birmingham such of its assets as might be approved by the Federal Home Loan Bank Board,

and to comply with the provisions of the above mentioned Act of the Legislature of Alabama by forming a new corporation to take over the remaining assets of said Association in accordance with the provisions of Section 46½ of said Act of the Legislature of Alabama, such resolution providing for the organization of said new corporation in either of the two methods provided for by said Act as might seem preferable to the officers and directors of said Association.

"6. That the officers and directors of said Association are contemplating and propose to carry into effect the provisions of said resolution passed at said annual meeting of the shareholders of said Association; that the title to numerous and valuable pieces of real estate will be involved in such transactions and that should it prove that said Act of the Legislature of Alabama is unconstitutional, the title to all of said real estate would become seriously involved and great expense would be incurred in clearing up the same, and the value of your petitioner's shares in said. Association would thereby be greatly depreciated; that while your petitioner thoroughly approves of said action as being for the best interest of the shareholders of said Association, provided said Act of the Legislature is held constitutional, *but petitioner has grave doubts that said Act of the Legislature insofar as it authorizes such action is constitutional.*" [Italics supplied.]

The prayer of the petition is:

"That upon a final hearing of this cause your Honor will make and enter a declaratory judgment declaring *whether or not*:

"1. Said Act of the Legislature of Alabama is constitutional insofar as the provisions of Article 9, and in particular Section 46½ thereof, are concerned;

"2. *Whether or not* said new corporation can be formed under either or both of the methods provided for in Section 46½;

"3. *Whether or not,* if said new corporation is formed under the second method provided for in said Section 46½, such new corporation will be vested by operation of law with title to all of the property and assets owned by said Association at the time of the formation of said new corporation without the necessity of the execution and recording of a formal conveyance of such property and assets by As-

sociation to said new corporation." [Italics supplied.]

The defendant answered admitting "the truthfulness of all of the allegations contained in said petition."

The case was submitted on the petition and answer, and the circuit court entered a final decree giving an affirmative categorical answer to each of the questions propounded in the prayer of the petition, taxed the defendant with the costs, and from that decree the petitioner has appealed.

Assuming, for the sake of discussion only, that the averments of the petition in this case present a *justiciable controversy* between the petitioner and the Building and Loan Association, it is the judgment or decree of the court which settles the controversy, not the opinion that the Judge or court may pronounce. The act authorizes declaratory judgments, not advisory opinions.

It provides, inter alia: Section 1. "The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree," and in Section 6, "The court may refuse to render or enter a declaratory judgment or decree. where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Acts 1935, pp. 777, 778; Dodson v. Beaird, Road and Bridge. Com'r, 237 Ala. 587, 187 So. 862.

. The act also provides, Section 7: "All orders, judgments, and decrees under this act may be reviewed *as other orders, judgments, and decrees.*" Acts 1935, p. 778.

This means of course, at the instance of a party whose interest has been detrimentally affected by the order, judgment or decree. Only a party or privy, aggrieved by a judgment can appeal or bring error. Hunt, Adm'r v. Houtz et al., 62 Ala. 36; Ex parte Railroad Co., 95 U.S. 221, 24. L.Ed. 355; Esslinger v. Herring, 147 Ala. 198, 40 So. 142. Where the judgment from which the appeal was taken was in favor of appellant, the appeal will be dismissed. Derrick v. Shaneyfelt, 152 Ala. 606, 44 So. 651; Freeman v. Blount et al., 172 Ala. 655, 55 So. 293. See, Jefferson County v. O'Gara et al., ante, p. —, 195 So. 277.

The gist of the petition—the averments that state the controversy between the parties—if one is stated, is, to quote from

466

the petition: "While your petitioner thoroughly approves of said action as being for the best interest of the shareholders of said Association, provided said Act of the Legislature is held constitutional, but petitioner *has grave doubts* that said Act of the Legislature insofar as it authorizes such action is constitutional;" and the defendant admits that petitioner has such "grave doubts."

Does *grave doubt* of the constitutionality of an act of the Legislature expressed by the moving party to a proceeding, conceded by the others, constitute a justiciable controversy, invite judicable determination?

In Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450, 451, it was observed: "Borchard, in his work on Declaratory Judgments, says: ' "Actual" Controversy. To avoid any possibility of a misconception of the function to be performed by a declaratory judgment, the California, Hawaii, and Kansas statutes of 1921, and the Kentucky and Virginia statutes of 1922, with the Anway decision presumably in mind, were supplied with the clause "in cases of actual controversy," and in Hawaii, Kansas, and Virginia, with the further clause, "actual antagonistic assertion and denial of right." That these words are unnecessary is evidenced by the fact that the statutes not containing these words have been held constitutional in other states, on the assumption, inescapable in fact, that only such cases could be appropriately presented for declaratory judgment.' "

The Pennsylvania court observes: " 'Actual controversy' within the provisions of a Declaratory Judgments Act appears where differences between the parties concerned as to their legal rights have reached the stage of antagonistic claims which are being actively pressed on one side and opposed on the other, and the 'ripening seeds of a controversy' appear where the claims of the several parties in interest, although not having reached such active stage, are nevertheless present and indicative of threatened litigation in the immediate future." Sullivan & Sons Manufacturing Company et al. v. Ideal Building & Loan Association, 313 Pa. 407, 170 A. 263, 98 A.L.R. 1; State ex rel. LaFollette v. Dammann, 220 Wis. 17, 264 N.W. 627, 103 A.L.R. 1089.

The English courts consistently refuse to assume jurisdiction under the act or orders authorizing declaratory judgments, unless the judgment which may be rendered will be binding upon the parties as to the issue raised. Harrison v. Walker, [1919] 2 K.B. 453; 9 British Ruling Cas. 606; Note 12 A.L.R. 67 et seq.; 19 A.L. R. 1127, et seq.

They also hold the question must be real and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure a proper contradictor, that is to say, someone presently existing, who has a true interest to oppose the declaration sought. Russian Commercial Bank v. British Bank, [1921] 2 A.C., Eng., 438, 19 A.L.R. 1101.

On the other hand the authorities are to the effect that a declaration can not be had in respect of a cause of action which it apprehended defendant may assert, when he has made no claim against the plaintiff thereon, although he refused to waive any right thereunder. 12 A.L.R. 73 et seq.

A difference of opinion between the governor and a secretary of state as to the power of the former to make an ad interim appointment to various offices does not present a case for declaratory relief. State, ex rel. LaFollette v. Dammann, supra.

And mere doubt by a public officer as to the validity of an act of the Legislature, and uncertainty in his mind, arising therefrom, as to when his term of office will expire, when no one is questioning his incumbency, does not constitute a justiciable controversy. Bates et al. v. Baumhauer, ante, p. 255, 194 So. 520.

This court is firmly committed to the doctrine that the constitutionality of an act of the Legislature will not be considered on appeal, unless essential to the decision of an actual controversy, and will not search for constitutional objections on mere general suggestions of unconstitutionality. State ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56.

"Grave doubt" in the mind of the petitioner that the act is constitutional is not a fact out of which a litigable issue can arise, the decision of which would be binding on the petitioner or any one else. This is illustrated by the course of this proceeding. After the circuit court assumed jurisdiction at his instance and entered the decree holding the act constitutional his "grave doubt" was not removed, and he appealed and continues to have "grave doubt" and no doubt if the decree appealed from is here affirmed he will

still entertain "grave doubt" as to the constitutionality of the act.

It is patent on the face of the proceeding that what the petitioner is seeking is not a declaratory judgment or decree but an advisory opinion from the Supreme Court of Alabama. The giving of such opinion is not within the original or appellate jurisdiction of this court. Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

The facts pleaded being wholly insufficient to invoke the court's jurisdiction to render a declaratory judgment, the judgment is void and will not support an appeal. Upshaw v. Eubank et al., supra; Gunter v. Mason, 125 Ala. 644, 27 So. 843. Therefore the appeal should be dismissed.

ANDERSON, C. J., concurs in the foregoing opinion.