22 So.2d 328

**· BUTLER v. GUARANTY SAVINGS & · LOAN ASS'N.**

6 Div. 317.

Supreme Court of Alabama.

May 17, 1945.

M. B. Grace, of Birmingham, for appellant.

Bowers, Dixon & Dunn, of Birmingham, for appellee.

FOSTER, Justice.

The bill in this case in equity alleges fraud by respondent in securing an agreement from complainant for the purchase of stock in defendant, which was an incorporated building and loan association under Alabama law. It seeks a discovery of certain matters; an accounting of transactions occurring over a period of more than ten years; a personal money judgment for the balance found due her; a cancellation of her applications for the purchase of stock; and for general relief.

The trial court sustained a demurrer to the bill reciting that it is based on the ground that it shows on its face that it is barred by the statute of limitations. That ruling is the only question presented on this appeal.

A ground of demurrer raising that contention is No. 5, among those addressed to that aspect of the bill seeking to declare void the applications for the purchase of stock. This ground of demurrer (trans. p. 16) expressly relies upon "an Act of the Legislature of 1935, p. 220, which said Act is subsequently re-enacted 1940 Code of Alabama, Title 5, section 258"; also a ground of demurrer No. 4 to the bill as a whole (trans. pp. 12–13) which is also in reliance on the same statute, also alleging that "said Act (referring to that of 1935, supra) was re-enacted in 1939—General Acts of the Legislature at page 616, section 54,—and was re-enacted by the Code of 1940 of Alabama, section 258, of Title 5." Those grounds of demurrer were re-assigned to the bill as amended, which was sustained and the bill dismissed, and from that decree the appeal was taken, and that alone is assigned as error.

■ The Act of 1935, supra, is under a title which proposed to amend section 26 of an Act of 1931. That title does not indicate what is the nature of the proposed amendment. In order to satisfy section 45 of the Constitution an amendment by reference to the number of a section in an act must be confined to matters which are germane to, suggested by, and supplemental to, the subject of that section. Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577; Ex parte Cowert, 92 Ala. 94, 9 So. 225; Kendrick v. State, 218 Ala. 277, 120 So. 142; Board of Revenue v. Jansen, 224 Ala. 240, 139 So. 358; McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304.

■ Section 26 of the Act of April 9, 1931 (see, General Acts 1931, p. 230) states in capitals its broad subject, to be "Membership—Withdrawable Fees—Commission for Sale of Shares." Its substance was confined solely to the amount and regulation of such fees and commissions. There was no reference to a suit for fraud or to any other sort of suit nor to the limitation of such a suit. The amendment under the title we have described changed the amount of the maximum withdrawal fee, which was germane to the subject of section 26, supra, and added details as to suits based on fraud and deceit, or misrepresentation, so as to fix a limitation of three years after the date of the contract, regardless of the time of the discovery of the fraud, and made it applicable when the fraudulent transaction occurred before as well as after the passage of the act, but extended the period by twelve months after its passage, unless already barred under existing law. The matter added to fix a limitation on suits based on fraud is not within the title of the amending act, and it is not germane to any feature of section 26 of the Act of 1931, supra.

■ But this is thought to be remedied by section 54 of the Act of September 21, 1939 (General Acts 1939, pp. 616, 675), which is also Article XI. That Act is a general revision of all the laws applicable to building and loan associations. Klein v. Jefferson Co. Bldg. & Loan Assn., 239 Ala. 460, 195 So. 593. That section of it repeals all other laws and parts of laws pertaining to building and loan associations, except those enumerated which "are hereby expressly reenacted"; and "also (except) an Act entitled" giving the title of the Act of July 8, 1935, supra, to amend section 26, supra (which is) "is hereby likewise expressly re-enacted." It is not otherwise re-enacted. And when the Act of September 21, 1939, was carried into the Code of 1940, as sections 211–258, Title 5, it was provided in section 258 that Articles IX, X and XI of the Act are not repealed or affected by the Code, or by being omitted from the Code. So that the Code leaves the Act of July 8, 1935, amending section 26 of the Act of April 9, 1931, in the same status as it existed prior to the adoption of the Code. It does not improve its standing as a valid enactment. It is not a valid enactment, unless section 54 of the Act of September 21, 1939, relieves it of its invalidity because of the violation of section 45 of the Constitution.

The substance of the provisions of section 54, supra, in this regard is merely to leave the Act as it existed unrepealed. It cannot be enacted as a new act in that form. Section 45, Constitution, contains the following features: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." If that Act was dead as the Legislature of 1935 left it, any attempt to "revive," or to give it life, must comply with the above-quoted provision of section 45 of the Constitution. Stewart v. Hale County, 82 Ala. 209, 2 So. 270, 271. It is not material in this connection that it never had life and that to "revive" means to restore to a previous existence. Strictly speaking a proposed act which never had life can only be given status as an original enactment by complying with all the requirements of section 45, Constitution. In either status it must have a sufficient title and be complete within itself. "The entire law * * * designed to be made operative * * * must be set out at length, so that, when read, it may be comprehended by those called on to vote for or against its passage, and when published it may be plainly understood and easily construed." Stewart v. Hale County, supra. This attempted re-enactment as contained in section 54 of the Act of 1939, supra, contains none of the requirements of section 45, Constitution. If the law is attempted to be enacted but the Constitution is not complied with, another attempt to do so must be by

8

an act which is complete within itself in that respect, although it may refer to the former attempt for the purpose of making its subject matter clear. Harris v. State ex rel. Williams, 228 Ala. 100(12), 151 So. 858; State ex rel McIntyre v. McEachern, 231 Ala. 609, 166 So. 36; Street v. Hooten, 131 Ala. 492(2), 32 So. 580; Glass, Sup't. of Ins. v. Prudential Life Ins. Co., 246 Ala. 579, 22 So.2d 13.

It is insisted by appellee that this manner of enacting or re-enacting the Act of 1935 is by what has been approved as a "reference statute." Savage v. Wallace, 165 Ala. 572, 51 So. 605; State Docks Commission v. State, 227 Ala. 521, 150 So. 537. Those cases do not relate to a situation where there is an effort to enact or re-enact a statute which was unconstitutional and void by merely declaring that the act so entitled is re-enacted without setting it out in full. The law so attempting is not complete within itself. Of course if the act was already valid, its attempted re-enactment would not serve any purpose except to show that it was not repealed.

█ It is also pointed out by appellant that the Act of 1935, supra, purports to be a complete bar to such a suit if three years have passed before its enactment with the proviso that within one year thereafter the suit may be brought, and it is contended that such a statute violates her rights, since it gives a new legal effect to conditions existing prior to its enactment and imposes unanticipated disabilities, citing Barrington v. Barrington, 200 Ala. 315, 76 So. 81; First National Bank v. Jaffe, 239 Ala. 567, 196 So. 103. But that principle is not violated by an act amending the statute of limitations so as to apply to causes of action theretofore created, provided a reasonable time is in the act extended after its enactment in which suit may be instituted. Cronheim v. Loveman, 225 Ala. 199, 142 So. 550.

The one-year period after the enactment probably meets that requirement, if it were valid in other respects.

The demurrer to the bill should have been overruled. Such a decree will be here rendered.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.