UNION FREE HIGH SCHOOL DISTRICT NO. 1 OF TOWN OF IRON RIVER, Respondent, v. JOINT SCHOOL DISTRICT NO. 1 OF TOWN OF MAPLE, ETC., Appellant.

*September 6—October 2, 1962.*

For the appellant there was a brief by *Borg, McGill & Moodie* of Superior, and oral argument by *Douglas S. Moodie.*

For the respondent there was a brief by *Crawford, Crawford & Cirilli,* and oral argument by *James C. McKay,* all of Superior.

A brief *amicus curiae* was filed by *John W. Reynolds,* attorney general, and *Harold H. Persons,* assistant attorney general, on behalf of the state superintendent of public instruction.

GORDON, J.  Upon the demurrer to the complaint, the trial judge declared the law to be as follows: A school district may not admit to its high school those pupils who reside within another school district which operates a high school.

The trial judge determined that sec. 40.91 (1), Stats., means that "a high-school district has no right to admit pupils who come from another high-school district or school district which is maintaining a high school." We reach a contrary conclusion.

In *requiring* school districts to admit certain nonresidents, the statute does not thereby *prohibit* the admission of other nonresidents. In other words, because the statute affirmatively requires the admission of a student from a district which does not have a high school it cannot be said to proscribe the admission of a person who resides in a district where there is a high school.

This conclusion is buttressed by the provisions of sec. 40.654, Stats. This section provides that before the admission of a nonresident pupil there must be a written agreement entered into with the parents providing for their payment of nonresident tuition, except in those cases where the tuition is made a public charge. Sec. 40.91 is an instance where high-school tuition is made a public charge. A correlation of secs. 40.91 and 40.654 requires the conclusion that a school district may, if it chooses, accept a high-school pupil from some other district even though such pupil's home district operates a high school, provided the necessary parental

agreement to pay nonresident tuition is made. We believe that these two sections reflect legislative recognition of the right of a school district to determine if its facilities permit it to admit a high-school student who resides in another district, even though the latter has a high school.

We are satisfied that the plaintiff had a legally protectible interest so as to justify its maintaining this action. *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 264 N. W. 627. Nevertheless, we conclude that under a reasonable interpretation of the relevant statutes the plaintiff has misconstrued its rights.

*By the Court.*—Judgment reversed and remanded. Judgment to be entered declaring that the defendant has authority to admit high-school students to its high school even though said students reside in the high-school district of the plaintiff, which latter district maintains a high school.