MICHAEL LEY, Secretary Wisconsin Department of Revenue
You have requested my opinion as to whether a clerk of circuit court has authority in garnishment actions to collect not only the *Page 4 
filing fee established by section 814.62(1), Stats., but also the deposit and disbursement fees set forth in section 814.61(12)(a). It is my opinion that a collection of the fees outlined in section 814.61(12)(a) is only authorized in those garnishment proceedings where the garnishee has paid at least $1000 into court and has also obtained a court order directing the clerk of courts to deposit the money in a safe depository.
Section 814.62(1) provides:
 The fee for commencing a garnishment action under ch. 812, including actions under s. 799.01(4)(b), is $12. Of the fees received by the clerk under this subsection, the county treasurer shall pay 50% to the state treasurer for deposit in the general fund and shall retain the balance for the use of the county.
Section 814.61(12)(a), added to the statutes by chapter 317, Laws of 1981, provides:
 In a civil action, the clerk of court shall collect the following fees:
. . . .
 (12) RECEIVING AND DISBURSING MONEY. (a) Trust funds and small estates. 1. For receiving a trust fund, or handling or depositing money under s. 757.25, 807.10(3) or 880.04 (2)(a), at the time the money is deposited with the clerk, a fee of $10 or 0.5% of the amount deposited, whichever is greater. In addition, a fee of $10 shall be charged upon each withdrawal of any or all of the money deposited with the clerk.
You report that at least one circuit court clerk has interpreted section 814.61(12)(a) as encompassing garnishment actions. Accordingly, the clerk has requested your agency, the plaintiff/creditor in a garnishment action, to pay the deposit and disbursement fees outlined in that section. More specifically, you report that the clerk believes section 757.25, referred to in section 814.61(12)(a), to be applicable to any
garnishment involving a sum of at least $1000. It is my opinion that this interpretation is erroneous.
Section 757.25 states:
 The judge of any court of record on the application of a party to any action or proceeding therein who has paid $1,000 or more *Page 5 
into court in the action or proceeding may order the money to be deposited in a safe depository until the further order of the court or judge thereof. After the money has been so deposited it shall be withdrawn only upon a check signed by the clerk of the court pursuant to whose order the deposit was made and upon an order made by the court or the judge thereof. The fee for the clerk's services for depositing and disbursing the money is prescribed in s. 814.61(12) (a).
Though the first sentence of this section has been a part of the statutes for nearly a century, its applicability has not been analyzed in any appellate decisions. Based on the plain wording of the section, I interpret it as requiring (1) that a party to the action have paid at least $1000 into court; and (2) that the same party have obtained from the judge an order directing the clerk of courts to deposit the money in a safe depository. Given the framework of Wisconsin's garnishment laws contained in chapter 812, most garnishees would have no reason to seek a court order of the kind described in section 757.25. Therefore, it is my opinion that section 757.25 is inapplicable to a garnishment proceeding where no such court order exists.
A typical garnishment involves three parties: the plaintiff/creditor, the garnishee and the defendant/debtor. One portion of the garnishment proceedings involves the plaintiff filing a complaint against the garnishee, alleging that the garnishee is believed to be indebted to the defendant. Sec.812.05, Stats. Under section 812.13, if the garnishee is in fact indebted to the defendant and sets forth this fact in his or her answer, the garnishee is then allowed to pay voluntarily to the clerk of courts the amount of money in controversy between the plaintiff and defendant. The clerk issues the garnishee a receipt for the payment and the garnishee is thereby discharged of all liability for the amount paid. Sec. 812.13(1), Stats. It is probable that a garnishee who voluntarily pays money into court in this manner maintains little direct interest in the money, for by the terms of section 812.13 the money is not paid to the court until the garnishee has already admitted being indebted to the defendant. Further, upon completion of the garnishment action the money will most likely be distributed to either the plaintiff/creditor or the defendant/debtor, not to the garnishee.See secs. 812.13(3) and 812.13(5). Stats. Given this lack of direct interest in the deposited money, and since the garnishee's liability ends at the point the money is paid to the clerk of *Page 6 
courts, I do not envision a need for most garnishees to seek a court order under section 757.25 directing the clerk of courts to deposit the money in a safe depository.
This is not to say that a garnishee would never have a need or desire to do so. Under section 812.15(1) a garnishee has a right to defend the principal action in a garnishment proceeding (i.e., the action between the plaintiff/creditor and the defendant/debtor) if the defendant chooses not to defend. This section apparently applies to a garnishee whose affairs are so closely tied to those of the defendant that the garnishee does in fact hold a direct interest in the money allegedly owed to the plaintiff. Such a garnishee may still choose to pay the controverted amount into court voluntarily, but because of his or her direct interest in the fund, the garnishee may wish to ensure the security and the growth of the fund by requesting a court order as described in section 757.25. Further, under section812.13(1), the plaintiff can request the garnishee to pay the controverted amount to the court, and if the request is not complied with, the plaintiff is entitled to a judgment against the garnishee. A garnishee who has a financial interest in the outcome of the garnishment action may respond to such a request by seeking protection of the deposited fund under section 757.25. Hence, it is my opinion that section 757.25 does apply to garnishment proceedings where a garnishee with a direct stake in the sum being paid to the court has obtained a court order directing the clerk of courts to deposit the fund in a particular safe depository, and where the amount deposited totals at least $1000. In this narrow situation, a clerk of courts is authorized to collect the deposit and disbursement fees outlined in section814.61(12)(a).
My opinion that section 757.25 applies only in those instances where a court order exists finds further support in the structure of section 814.61(12)(a) itself. The section speaks of handling and depositing money under three statutory sections: sections807.10(3), 880.04(2)(a) and 757.25. The first section, section807.10(3), focuses on the situation where money is awarded to a minor who lacks a guardian. It empowers a court to order a clerk of courts to handle the money in accordance with section880.04(2), the second section listed in section 814.61(12)(a). Section 880.04(2) authorizes a clerk of courts to deposit the funds into savings accounts on behalf of the child, or to invest the funds in the stock of a savings and loan association. *Page 7 
I have already discussed the language of the third section, section 757.25. In enacting section 814.61(12)(a), which groups together these three sections, the Legislature appears to have viewed the sections as sharing a common characteristic. It is my opinion that a court order is the common characteristic, an order which directs the clerk of courts to deposit a sum of money in a given fashion. Not every garnishment action will bear this characteristic, as I have discussed. Hence, it is my opinion that only those garnishment actions that do involve a garnishee obtaining a court order fall within the parameters of section814.61(12)(a).
An important question inextricably tied to the question you ask is whether the Department of Revenue or any other state agency must pay any of the fees enumerated in section 814.61. It is my opinion that a state agency must pay only the filing fee set forth in section 814.61(1). It is a long-standing rule of statutory construction that the state is not subject to a statute of general application that inures to the cost or burden of the state unless the state is explicitly included within the provisions of the statute. Fulton v. State Annuity Inv. Board,204 Wis. 355, 360-61, 236 N.W. 120 (1931); State ex rel. Martin v.Reis, 230 Wis. 683, 687, 284 N.W. 580 (1939); Kenosha v. State,35 Wis.2d 317, 323, 151 N.W. 36 (1967); State ex rel. Dept. ofPub. Instruction v. ILHR, 68 Wis.2d 677, 229 N.W.2d 591 (1975). This rule arises from the presumption that "the legislature does not intend to deprive the crown of any prerogatives, rights, or property unless it expresses its intention to do so in explicit terms . . . ." State v. Milwaukee, 145 Wis. 131, 135,129 N.W.2d 1101 (1911). An analysis of section 814.61 reveals that subsection (1), regarding filing fees, refers specifically to state agencies. It states: "This includes actions and proceedings commenced by a government unit as defined in s. 108.02(28)." No other subsections of section 814.61 contain this or a similar provision. Thus, it is my opinion that the remaining subsections of section 814.61 are meant to be of general applicability only, and hence do not affect state agencies. As a corollary matter, it is my opinion that state agencies are also not required to pay the fee for filing a garnishment action as set forth in section814.62(1), for that section likewise makes no reference to the state.
BCL:RCB *Page 8