R. R. Harrell, *et ux. v.* American Home Mortgage Co., *et al.*

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

Courtnay C. Hamilton, for complainants, appellants.

R. C. Campbell, for defendants, appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill in this case was originally filed to enjoin the enforcement of mortgage debts running to American Home Mortgage Company on allegations of usury and invalidity because of failure of the defendant Mortgage Company to domesticate in Tennessee, it being alleged that it was a foreign corporation and that it was doing business in this State. No injunction issued and the bill was later amended so as to seek a declaration as to the validity of the mortgage claims under the declaratory judgment act. An attempt was made to bring the defendant parties, Mortgage Company, Smith, Trustee and Metropolitan National Bank, all non-residents, before the Court by service of process on alleged local agents of the Mortgage Company, and by publication as to Smith and Metropolitan National Bank.

Pleas in abatement were sustained by the Chancellor, and answers having been later filed, not waiving the pleas, and a stipulation of facts, the Chancellor also held that the Mortgagee had not been doing business in Tennessee and that its mortgage contracts were not void on this ground; further holding that the bill for relief could not be maintained for want of equity, on the theory that the complainants had not offered to do equity by the tender or payment of the amount due which they had borrowed from the Mortgage Company. The bill was dismissed and the complainants have appealed.

We are constrained to concur with the learned Chancellor. It is quite apparent that neither the Trustee, holding title to the property, nor the Metropolitan National Bank, which the record shows holds the notes un-

der some form of pledge to secure obligations of the Mortgage Company, has been brought before the Court. We are further of opinion that the Chancellor correctly held that the parties upon whom process was served as representative agents of the Mortgage Company were not agents of the Company in any such sense as is contemplated by the law providing for service upon resident agents of foreign corporations. We think it appears that the parties served were dealing with the Mortgage Company mainly in their own interest and in the interest of the borrowers, and that in so far as they served the Mortgage Company at all this service was incidental.

Having reached this conclusion, we find it unnecessary to go further and pass on the merits. Quite obviously without the necessary parties before the Court no declaratory judgment or decree may be had. We approve and refer to the opinion of the Chancellor dealing with the questions arising under the pleas.

The judgment is affirmed.