JOHN T. SADLER *et al.*, COMPLAINANTS, APPELLEES, *v.* EURA MITCHELL, ADMINISTRATRIX *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville*, December Term, 1930.)

Opinion filed April 4, 1931.

SHRIVER & SHRIVER, for complainants, appellees.

E. J. WALSH, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by certain parties claiming to be distributees of the estate of Mrs. Clarke Jones, de-

ceased, against Eura Mitchell, who had qualified as administratrix of said estate in New York, and against other parties alleged to be distributees of the estate of Mrs. Clarke Jones. The bill prayed, generally speaking, for an accounting by said administratrix and that she be required to pay the funds in her hands into the Chancery Court of Davidson County. The chancellor dismissed the bill insofar as it sought an accounting or other relief against the New York administratrix, but made a declaration in the cause as to who were the distributees of the estate of Mrs. Clarke Jones. The Court of Appeals affirmed the decree of the chancellor.

Eura Mitchell, administratrix, filed a petition for certiorari, which was granted, and the case has been heard in this court. The complainants have abandoned other relief, originally sought, and the only question here presented is the propriety of a declaration in this case as to the identity of the distributees of the intestate.

It seems that Mrs. Clarke Jones had certain interests in the State of New York upon which several thousand dollars have been realized. Eura Mitchell qualified as administratrix under the laws of that State and the money is in her hands. Mrs. Jones and Mrs. Mitchell were both residents of Tennessee.

It is conceded on the brief of counsel for complainants that the Tennessee courts will not, under our decisions, grant such relief as was originally sought herein against the personal representative of a decedent, qualified and acting under the laws of another State. It is insisted, however, that the declaration made is proper, and will be of assistance to all parties, if not conclusive, in the distribution of this estate in New York.

We think, however, no such declaration can be made in this case. If for no other reason, for lack of proper parties.

■ The Declaratory Judgments Act, chapter 29 of the Acts of 1923, authorizes "courts of record within their respective jurisdictions" to make certain declarations which "shall have the force and effect of a final judgment or decree." Our courts are especially authorized under the statute "to ascertain any claims of creditors, devisees, legatees, heirs, next of kin, or others." Section 4, subsection (a).

Section 11, however, provides "that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

■ As heretofore shown, our courts have declined to take jurisdiction of this foreign administratrix. It seems that an administrator for the estate of Mrs. Jones has been qualified in Tennessee, but this administrator is not a party to this case. We think a declaration could not be made establishing the identity of the distributees of an intestate, unless the personal representative of the intestate was a party to the suit. If there was no one before the court charged with the proper distribution of an estate, the way would be open to fraud and collusion. Persons without interest in the estate could have themselves declared distributees.

■ In a suit for a distributive share of an estate, the administrator is a necessary party. Chambliss' Gibson's Suits in Chancery, section 927, 24 C. J., 513. When a declaration is sought as to what parties are entitled to a

distributive share of an estate, it is quite as necessary that the administrator be made a party.

For the reasons stated, laying aside other objections to the decree below, we think the declaration herein was improperly made.

Since the argument, a motion has been filed, supported by a brief, asking that we remand the cause to the Chancery Court of Davidson County with permission to complainants to amend by making the Tennessee administrator a party hereto. This procedure is asked under Thompson's-Shannon's Code, section 4905, and upon the authority of *Sartain* v. *Dixie Coal & Iron Co.*, 150 Tenn., 633, *Stewart* v. *Glenn*, 50 Tenn. (3 Heisk.), 581, and other cases.

The relief asked by the motion, we are disposed to grant in part. Since a declaration under the statute has the force and effect of a final judgment or decree, we think we should no more make a declaration against this foreign administratrix than we would render a decree against her with respect to the distribution of the estate. She is accountable for this distribution to the New York court alone.

The decree of the Court of Appeals must be reversed. The bill herein is dismissed as to Eura Mitchell, administratrix. The cause is remanded to the Chancery Court of Davidson County with permission to the complainants to amend by making the Tennessee administrator a party and Eura Mitchell, individually, may likewise be made a party if she be one of the distributees of the decedent. The costs of appeal will be paid by the complainants and the costs below taxed by the chancellor.