COLEMAN *v.* HENRY.

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

T. L. COLEMAN, of Lewisburg, for appellant.

JOE W. HENRY, JR., of Pulaski, and BAYARD TARPLEY, of Lewisburg for appellee.

PER CURIAM.—On October 24, 1946, in the Chancery Court of Giles County, complainant as a "citizen, taxpayer and qualified voter" of Marshall County, filed the original bill herein under the Declaratory Judgment Act (Code secs. 8835-8847) against the defendant, individually, and as campaign manager of the successful Democratic candidates for United States Senator, Governor and Railroad and Public Utilities Commissioner in the Primary of August 1, 1946. A declaration was sought

on the several sections of the Code requiring a financial statement of campaign expenditures to be filed by candidates or their campaign managers.

The bill admits that defendant had, as required by Code sec. 2262, filed a financial statement of the expenditures by and on behalf of the several candidates whose campaigns he had managed, but apparently it is the insistence of complainant that actual expenditures were greatly in excess of the amount shown in the statement filed, and that they were in fact greatly in excess of the amounts authorized by Code sec. 2269. No copy of the financial statement so filed by defendant under Code sec. 2262 is an exhibit to the bill, nor is the omission accounted for, although such statement was public and procurable under Code sec. 2267.

Code sec. 11352 is copied at length in the bill, and the fair inference is that complainant admits that if the effect of this section is to amend the limits fixed by Code sec. 2269, *supra*, that then defendant has complied with all requirements of law by the statement filed under section 2262, but complainant vigorously insists that section 11352 does not amend or modify the provisions of section 2269, and accordingly the bill prays: ". . . that at the hearing of this cause the Court construe said election laws and by judgment or decree declare whether or not said Section 11352 of the Code has any application to said Section 2269 and declare whether or not such campaign expenditures as are set forth in said Section 11352 of the Code are required to be reported by Section 2259 and Section 2262 of the Code, *by candidates such as were candidates in said primary election held on August 1, 1946, and/or by their campaign managers;* . . ." (Emphasis ours.)

The defendant demurred to the bill. The Chancellor, after filing a careful and studious opinion, sustained the demurrer, and complainant has appealed.

We think the decree of the Chancellor must be affirmed.

■■■ (1). The complainant as a "citizen, taxpayer and qualified voter" has no such special interest in the matters upon which a declaration is sought as entitled him to a declaration.

"The general rule is that a party having only such interest as the public generally has, can not maintain an action for a Declaratory Judgment." Anderson, Declaratory Judgments, p. 108; *Wright* v. *Nashville Gas & Heating Co.,* 183 Tenn. 594, 194 S. W. (2d) 459; *Perry* v. *City of Elizabethton,* 160 Tenn. 102, 22 S. W. (2d) 359.

A voter as such cannot secure for himself and all others, a declaration on the interpretation of a model registration act. *Board of Registration Com'rs* v. *Campbell,* 251 Ky. 597, 65 S. W. (2d) 713.

"A declaration will be denied which is sought to determine rights not of persons nor property, but of a purely political character." Anderson, Declaratory Judgments, sec. 43, p. 130; *Jared* v. *Fitzgerald,* 183 Tenn. 682, 195 S. W. (2d) 1; *State of Georgia* v. *Stanton,* 73 U. S. 50, 6 Wall. 50, 18 L. Ed. 721, 725.

■■■ (2). Bearing in mind that the original bill was not filed until October 24, 1946, almost three months after the Primary, and a month and 24 days after defendant discharged his final duty as campaign manager, by filing the financial statement required of him by Code sec. 2262, there was at the time of the filing of the bill, no such justiciable controversy between the parties, and no such present doubt of their respective rights and obligations as is requisite to secure a declaration. *Family Loan Co.*

v. *Hickerson,* 168 Tenn. 36, 73 S. W. (2d) 694, 94 A. L. R. 664; *Hodges* v. *Hamblen County,* 152 Tenn. 395, 277 S. W. 901; *McClung* v. *Elizabethton,* 171 Tenn. 455, 105 S. W. (2d) 95.

A declaration would not terminate any controversy, nor determine present rights of either party. Future and contingent rights, and remote possibilities, are not properly the subject of a declaration. *Harrell* v. *American Home Mortg. Co.,* 161 Tenn. 646, 32 S. W. (2d) 1023; *Sadler* v. *Mitchell,* 162 Tenn. 363, 36 S .W. (2d) 891.

(3). Obviously, any declaration favorable to complainant and unfavorable to defendant, would affect the rights of the candidates whose campaigns had been successfully managed by the latter. This is abundantly clear from the prayer of the bill quoted above. None of these candidates nor the public authorities to whom the defendant was required to make report under section 2262 of the Code, were made parties to the suit. Joinder of such parties was clearly necessary and indispensable to support a declaration. Code sec 8845; *Sadler* v. *Mitchell,* 162 Tenn. 363, 36 S. W. (2d) 891; *Harrell* v. *American Home Mortg. Co.,* 161 Tenn. 646, 32 S. W. (2d) 1023.

"The non-joinder of necessary parties is fatal on the question of 'justiciability' which, in a suit for declaratory judgment, is a necessary condition of judicial relief." *Wright* v. *Nashville Gas & Heating Co.,* 183 Tenn. 594, 194 S. W. (2d) 459, 461; *Goetz* v. *Smith,* 152 Tenn. 451, 464, 278 S. W. 417; *State ex rel* v. *Board of Com'rs of Wyandotte County,* 128 Kan. 516, 279 P. 1; *Adams, Judge,* v. *Slavin,* 225 Ky. 135, 7 S. W. (2d) 836; Bouchard, Declaratory Judgments, p. 29.

For the reasons stated, the decree of the Chancellor is in all respects affirmed at appellant's cost.