NICHOLSON *v.* CUMMINGS, MAYOR.

(Nashville, December Term, 1948.)

Opinion filed January 17, 1949.

Rehearing denied March 11, 1949.

C. W. Tuley, of Nashville, for appellant.

E. C. Yokley, of Nashville, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a bill filed for a declaratory judgment in Part I of the Chancery Court of Davidson County, Tennessee. The Chancellor denied the relief sought

and dismissed the bill. The complainant has perfected his appeal.

Prior to the present controversy the complainant operated a retail liquor store at 500 Broad Street in Nashville and desiring to remove his place of business from that address to 417 8th Avenue South, and simultaneously to procure a State Liquor license at the new address, complainant applied to the defendant Mayor (1) for the approval of his application for a State liquor license, and (2) for the approval of the defendant Mayor, of the change of the place of business from 500 Broad Street to 417 8th Avenue South. In the orginal bill, complainant stated that the Mayor had approved both the application for the State Liquor license and the application for change of address. In his answer, the defendant Mayor admitted that he had approved the application for the liquor license but specifically denied that he had approved the application for change of address.

We think the action of the Chancellor in denying the relief sought and dismissing the bill must be approved for two reasons: (1) The Chancellor had a wide discretion under the Uniform Declaratory Judgment Act, and where as here, a declaration could be made only after an investigation and determination of disputed facts, the application for a declaration was properly refused. *Hinchman* v. *City Water Co.*, 179 Tenn. 545, 561, 167 S.W. (2d) 986; *Harrell* v. *American Home Mortg. Co.*, 162 Tenn. 371, 36 S.W. (2d) 888. (2) In the present controversy, on the facts averred in the bill and admitted or denied in the answer, the declaration would not terminate any controversy, nor determine present rights of either party. If the Chancellor's declaration had been made in favor of the complainant as it was prayed in the bill, it could have been no more than a steppingstone to

furthur litigation. That being true, the dismissal of the bill and refusal of the declaration was proper. *Harrell* v. *American Home Mortg. Co., supra; Sadler* v. *Mitchell,* 162 Tenn. 363, 36 S.W. (2d) 891; *Coleman* v. *Henry,* 184 Tenn. 550, 554, 201 S.W. (2d) 686.

Decree affirmed.

All concur.

## ON PETITION TO REHEAR.

Petition to rehear has been filed, in which it is insisted that the Court erred in affirming the Chancellor's decree, and in stating in our former opinion (1) that the bill as presented, was not properly one for a declaratory judgment, and (2) that it was necessary for the Chancellor to determine disputed issues of fact.

■■ (1) The case was before us from the Chancery Court on broad appeal. Questions of law were, therefore, to be considered by us de novo. The members of this Court were unanimous in their conviction that the goal of the litigation,—the forcing of the Mayor of a municipality to issue a retail liquor license, was not as presented in the bill, a proper matter for a declaratory judgment nor a matter contemplated by Code, secs. 8835-8847, for such relief. This defect in the bill was basic and disposed of the lawsuit,—compelling the Court to affirm the result reached by the Chancellor while giving additional reasons of its own for so doing.

■ (2) In the original bill, it was charged specifically that the Mayor had approved the application of the complainant to change the location of his liquor business from an address on Broad Street to an address on 8th Avenue, South, in Nashville. In his answer, the Mayor specifically denied that he had approved this applica-

tion. The determination of this issue of fact was the end of the lawsuit. So, even if we ignore the fact that the bill as filed, was one not proper for a declaratory judgment, and consider the petitioner's insistence that the Chancellor erred in holding that the Mayor's approval of a certificate of good moral character is not equivalent to an approval of the transfer of a liquor business from one site to another, the petitioner is, nevertheless, met by the rules defining and limiting the form of action which he selected and followed. Under the Declaratory Judgment Act the Chancellor has a very wide discretion and should make a declaration with utmost caution. *Newsum* v. *Interstate Realty Co.,* 152 Tenn. 302, 278 S. W. 56; *Coleman* v. *Henry,* 184 Tenn. 550, 201 S. W. (2d) 686.

■ Petitioner admits that the Mayor did not act favorably on the application to transfer, but insists that the Mayor's favorable action on the certificate of good moral character was "equivalent" to favorable action on the transfer This is a mere inference of petitioner's with which the Chancellor did not agree. Clearly, if the refusal of the Chancellor to accept the inference of the petitioner was not arbitrary, but was supported by material evidence and reasonable grounds, this Court has no authority to reverse. We find that the material evidence and reasonable grounds were supplied by the stipulation and the answer of the Mayor.

Petition denied.

All concur.