**190**

George L. DOBBINS, Jr., Larry Garrett, Stanley Jeffries, Chester Robinson and Tommy Tabor, Appellants,

v.

Gentry CROWELL, Secretary of State of the State of Tennessee, Ray Blanton, Governor of the State of Tennessee, William M. Leech, Jr., Attorney General of the State of Tennessee, David Collins, Coordinator of Elections of the State of Tennessee, James E. Harpster, Jack C. Seaton, Tommy Powell, Richard Holcomb, and Lytle Landers, Commissioners of the State Board of Elections, Kathryn I. Bowers, Thomas Avery, Carl Moore, James Smith, Anne Weldon, Commissioners of Election of Shelby County, Tenn., Edward Davis, and the County Committee of the Democratic Party of Shelby County, Appellees.

Supreme Court of Tennessee.

Feb. 12, 1979.

Robert Walker, Charles T. Tuggle, Jr., Stephen C. Morton, Memphis, for appellants; Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, of counsel.

Herman Morris, Jr., Thomas M. Daniel, Memphis, for appellee Edward Davis; Ratner, Sugarmon, Lucas & Henderson, Memphis, of counsel.

William W. Hunt, III, Asst. Atty. Gen., Nashville, for appellees Crowell, Blanton, Leech, Collins, Harpster, Seaton, Powell, Holcomb and Landers; William Leech, Jr., Atty. Gen., Nashville, of counsel.

Philip G. Kaminsky, Asst. Shelby County Atty., Memphis, for appellees Bowers, Avery, Moore, Smith and Weldon.

## OPINION

BROCK, Justice.

This dispute grows out of the 1978 election of the appellee, Edward Davis, to the office of State Senator from Senate District 33 which is in Shelby County. Mr. Davis ran as the nominee of the Democratic party and appellant, George L. Dobbins, Jr., stood for the same office as nominee of the Republican party. Mr. Dobbins and the other plaintiffs filed this suit to enjoin State and county election officials from listing appellee, Edward Davis, as the Democratic nominee on the ballot for the November 7, 1978, general election and from taking any other steps which would enable appellee, Davis, to assume the office of Senator. The complaint was amended to also seek a judgment declaring Davis ineligible (1) to be the Democratic nominee for State Senator, District 33, (2) to receive a certificate of election or (3) to hold the office of Senator.

Plaintiffs based their right to relief upon allegations that defendant Davis did not timely file a pre-Primary election campaign financial disclosure statement as required by the Campaign Financial Disclosure Act, T.C.A., § 2–1001 *et seq.* They contend that failure of defendant Davis to timely file the statement rendered him ineligible under the provisions of T.C.A., § 2–1016(a), to hold the office of Senator.

The Chancellor held on November 1, 1978, that, construing T.C.A., §§ 2–1008 and 2–1016, together, their provisions did not mandate disqualification of defendant Davis and, accordingly, denied the relief sought and dismissed the complaint. The Chancellor also concluded that the statute applies unequally to independent candidates on the one hand and nominees of political parties on the other. Although we do not agree with all of his reasoning, we affirm the decision of the Chancellor.

### I

T.C.A., § 2–1016(a), provides:

"If a candidate shall fail to appoint a political treasurer and give notice of such appointment to the librarian as provided for in § 2–1005, or if the political treasurer of the candidate shall have failed to file any statement required to be filed under §§ 2–1008 or 2–1010 before the election, unless there has been a substantial compliance, the candidate shall forfeit the right to be qualified as a nominee for a general election or a candidate for a runoff election, or be given a certificate of election."

The appellants contend that this provision of the "Campaign Financial Disclosure Act of 1975" served not only to deprive Mr. Davis of his status as the nominee of the Democratic party for the State Senate acquired by virtue of his winning the primary election held on August 3, 1978, but also had the further effect of disqualifying Mr. Davis from becoming the nominee of the Democratic party for the office of State

Senator by virtue of a convention conducted by his political party on October 3, 1978.

We cannot agree with this construction of the statute. The Act is a comprehensive one dealing with elections of all types and employs general provisions, rather than specific ones, limited to each particular type of election. Necessarily, therefore, the application of such general provisions to any particular type of election requires that the courts determine the legislative intent through a reasonable construction of the act as a whole.

T.C.A., § 2–1016(a), above quoted, deals with both primary and general elections and provides that an offending " . . . candidate shall forfeit the right to be qualified as a nominee for a general election or a candidate for a runoff election, or be given a certificate of election."

It is our opinion that this forfeiture provision means that if the violation is one preceding a primary election, the offending candidate shall forfeit his right of nomination acquired by virtue of that primary election, and nothing more; but, if the violation is one with respect to a general election, that the candidate shall not be given a certificate of election in the event that he wins.

It appears in the record that the County Committee of the Democratic party of Shelby County convened on October 3, 1978, and, because Mr. Davis' nomination in the primary election of August 3, 1978, had been called in question due to the failure of his political treasurer to file the financial statement prior to the primary as required by T.C.A., § 2–1008(a), duly adopted a resolution renominating Mr. Davis as the candidate of the Democratic party for the office of State Senator to be voted on in the general election of November 7, 1978. We hold that Mr. Davis was eligible to receive that nomination by convention and to be a candidate in the general election conducted on November 7, 1978.

## II

It is our further conclusion that the plaintiffs are without authority and standing to maintain this action. Certainly, the decision of this Court in *Comer v. Ashe,* Tenn., 514 S.W.2d 730 (1974), does not confer such standing, as insisted by appellants. This is necessarily true because the Campaign Financial Disclosure Act of 1975 had not been enacted when *Comer v. Ashe* was decided in 1974. Obviously, that case had nothing to do with standing or authority of private citizens to sue under that Act. The only provisions of the Act respecting its enforcement are found in T.C.A., § 2–1015, which provides:

"(a) It shall be the duty of the attorney general:

(1) To provide opinions upon the requirements of this chapter to the librarian;

(2) In the event of an alleged violation or written complaint to notify the candidate or political campaign committee of such allegation or complaint with appropriate opportunity for a response to the allegation or complaint;

(3) To investigate any sworn complaint filed in accordance with § 2–1014 or any alleged violations of this chapter; and

(4) To take appropriate action to provide for the enforcement of the provisions of this chapter.

(5) To examine each statement filed with the librarian pursuant to §§ 2–1003, 2–1005, 2–1008—2–1010, and 2–1012 within six (6) months after the date of each election to determine whether the statement conforms to law and to the truth. Such examination shall include a comparison of all reports and statements received by the librarian pertaining to the election.

"(b) The attorney general may:

(1) Seek injunctions for a circuit or chancery court of this state to enforce the provisions of this chapter.

(2) Require any person to answer in writing and under oath or affirmation any question within the knowledge of that person concerning the source of any contribution, or the disposition of any expenditure."

It is provided in T.C.A., § 2–1002(*1*):

" 'Attorney general' means the attorney general of the state of Tennessee."

■ In our opinion this language clearly discloses the Legislative intent that the duty and authority to enforce the "Campaign Financial Disclosure Act of 1975" shall be vested solely in the Attorney General of the State of Tennessee. *See Bennett v. Stutts,* Tenn., 521 S.W.2d 575 (1975); *Coleman v. Henry,* 184 Tenn. 550, 201 S.W.2d 686 (1947); *In Re Metzenbaum,* 26 Ohio Misc. 47, 265 N.E.2d 345 (1970); *Los Angeles Cty. Dem. Cent. Com. v. County of L. A.,* 61 Cal.App.3d 335, 132 Cal.Rptr. 43 (1976).

In *Bennett v. Stutts, supra,* we announced a rule which is applicable here:

"When the duty of taking appropriate action for the enforcement of a statute is entrusted solely to a named public officer, private citizens cannot intrude upon his functions. In cases of purely public concern and in actions for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is as a general rule by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the arrangement of such of the local affairs of the community as may be entrusted to them by law." 521 S.W.2d at 577.

In *Coleman v. Henry, supra,* the plaintiffs filed suit against the campaign manager of the successful Democratic candidates for United States Senator, Governor, and Railroad and Public Utilities Commissioner in the primary election of August, 1946. The plaintiffs sought a declaratory judgment respecting sections of the code which required the filing of a financial statement of campaign expenditures by candidates or their campaign managers. In upholding the dismissal of the action, this Court said:

" . . . complainant as a 'citizen, taxpayer and a qualified voter' has no such special interest in the matters upon which a declaration is sought as entitled him to a declaration. . . .

" 'The general rule is that a party having only such interest as the public generally has, cannot maintain an action for a Declaratory Judgment. . . .'

"A voter as such cannot secure for himself and all others, a declaration on the interpretation of a model registration act.

. . .

" 'A declaration will be denied which is sought to determine rights not of persons nor property but of a purely political character.' " 201 S.W.2d at 687.

■ The Act contains no provision whatever, express or implied, authorizing a nominee of another political party or private citizens such as the plaintiffs to bring an action to enforce its provisions. We hold that they may not do so.

■ If treated as a contest of the Democratic primary election of August 3, 1978, Mr. Dobbins, a Republican, is without standing because T.C.A., § 2–1704, limits standing to Democratic candidates, if any, who opposed Mr. Davis in that election. That section provides:

"Any candidate may contest the primary election *of his party for the office for which he was a candidate.*" (Emphasis added.) T.C.A., § 2–1704.

■ We do not agree with the conclusion of the Chancellor that the Campaign Financial Disclosure Act unreasonably discriminates against nominees of political parties and in favor of independent candidates; we find no such constitutional infirmity in the statute.

Except as herein modified, the decree of the Chancellor is affirmed and costs incurred by this appeal are taxed against appellants.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.