**STATE of Tennessee, Appellant,**

v.

**Harold SIMMONS, Herschell McCulley, and James Rouse, Appellees.**

Court of Criminal Appeals of Tennessee, Knoxville.

Oct. 28, 1980.

Permission to Appeal Denied by Supreme Court as to Simmons and McCulley on Dec. 29, 1980.

Dorothy B. Stulberg, Oak Ridge, for appellee Simmons.

Ottis B. Meredith, Clinton, for appellee McCulley.

Stephen A. Irving, Oak Ridge, for appellee Rouse.

William M. Leech, Jr., Atty. Gen., Robert A. Grunow, Deputy Atty. Gen., Nashville, James N. Ramsey, Dist. Atty. Gen., Jan Hicks, Asst. Dist. Atty. Gen., Clinton, for appellant.

OPINION

PER CURIAM.

The appellant (State) represented by the State Attorney General, filed a motion to dismiss its appeal as to the appellees, Harold Simmons and Herschell McCulley.

The District Attorney General, James N. Ramsey, filed a motion objecting to the dismissal, and insisting that he, as the District Attorney General, had the right to pursue the State's appeal of this cause notwithstanding the position of the State Attorney General.

At the request of the Court, the State Attorney General and the District Attorney General have filed briefs in support of their respective positions.

The Constitution of Tennessee, Art. 6, § 5 establishes the offices of the State Attorney General and Reporter as well as the offices of District Attorneys General.

T.C.A. § 8–7–103, in part, provides that "It shall be the duty of each district attorney general: (1) To attend the circuit courts in his district, and every other court therein having criminal jurisdiction, and prosecute on behalf of the state in every case in which the state is a party, or in anywise interested."

T.C.A. § 8–6–109, in setting forth the duties of the State Attorney General and Reporter, specifically mandates that he shall "attend to all business of the state, both civil and criminal in the Court of Appeals, the *Court of Criminal Appeals* and the Supreme Court of Tennessee." T.C.A. § 8–6–109(b)(2). (emphasis added).

■ Considering both of these sections of the Code together, we conclude that the legislature has given the District Attorney General the power to prosecute criminal cases at the trial level, and that the State Attorney General has been given the full right, power and exclusive authority to prosecute criminal cases and/or pursue other remedies that may be attendant to such cases in the appellate courts.

■ Thus, we hold that the State Attorney General is fully authorized to propose the motion to dismiss the State's appeal in this cause as to the appellees Simmons and McCulley, and after consideration, the motion is sustained. An order dismissing the State's appeal as to these appellees will be entered.