IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. CLEMENT DALE POTTER

**Interlocutory Appeal from the Circuit Court for Warren County**
**No. 8149-P      J. S. (Steve) Daniel, Judge By Designation**

_____

**No. M2000-01420-CCA-R9-CO - Filed April 19, 2001**

_____

In this Rule 9 interlocutory appeal, the defendant, an incumbent district attorney general, appeals the trial court's denial of his motion to dismiss a presentment returned against him by the grand jury. He asserts that the General Assembly, in Tennessee Code Annotated section 8-6-112, vested the sole or exclusive authority to investigate and prosecute an incumbent district attorney general in the Attorney General and Reporter's office. After review, we disagree with the defendant and affirm the trial court's denial of the defendant's motion.

**Tenn. R. App. P. 9; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

William T. Ramsey and W. David Bridgers, Nashville, Tennessee, for the appellant, Clement Dale Potter.

Hal Hardin, District Attorney General Pro Tem, and Floyd N. Price, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

In this Rule 9 interlocutory appeal, the defendant, District Attorney General Clement Dale Potter, appeals the denial of his motion to dismiss a presentment that was returned against him by the Warren County Grand Jury. The defendant asserts that his presentment should be dismissed because the Attorney General and Reporter has the sole or exclusive authority to investigate and prosecute an incumbent district attorney general pursuant to Tennessee Code Annotated section 8-6-112, thereby precluding a grand jury from returning a presentment against him. After review, we conclude that section 8-6-112 is independent of the grand jury's role in a criminal prosecution and does not preclude a grand jury from performing its duty to investigate and power to return a

presentment against an incumbent district attorney general. Therefore, we affirm the trial court's denial of the defendant's motion to dismiss the presentment.

## Facts

On February 11, 2000, the Warren County Grand Jury returned a two-count presentment[1] against the defendant, Clement Dale Potter, the District Attorney General for the 31st Judicial District. On March 3, 2000, the Chief Justice of the Tennessee Supreme Court designated the Honorable Steve Daniel, Judge for the 19th Judicial District, to preside over the matter at hand. On March 6, 2000, Judge Daniel appointed Hal D. Hardin to serve as District Attorney General Pro Tem for the purpose of prosecuting the case against the defendant.

The defendant filed a motion to dismiss the presentment on May 11, 2000, alleging that Tennessee Code Annotated section 8-6-112 vests in the Attorney General and Reporter exclusive authority to commence prosecutions against an incumbent district attorney general. On June 12, 2000, Judge Daniel entered an order denying the defendant's motion; however, Judge Daniel granted the defendant's motion for leave to seek an interlocutory appeal of that denial. The defendant timely filed a Rule 9 application for permission to appeal to this court, which was granted on July 25, 2000. See Tenn. R. App. P. 9. This appeal is now properly before this court.

## Analysis

The issue for resolution in this case is whether Tennessee Code Annotated section 8-6-112 vests within the Attorney General and Reporter the sole or exclusive authority to investigate and prosecute an incumbent district attorney general, thereby precluding a grand jury from returning a presentment against an incumbent district attorney general.

In Tennessee, "[a]ll violations of the criminal laws may be prosecuted by indictment or presentment of a grand jury." Tenn. Code Ann. § 40-3-102. According to Rule 6(d) of the Tennessee Rules of Criminal Procedure, "[t]he grand jury shall have inquisitorial powers over and shall have the authority to return a presentment of all indictable or presentable offenses found to have been committed or to be triable within the county." In fact, the grand jury has the duty to "inquire into any abuse of office by state or local officers." Tenn. R. Crim. P. 6(e)(6). This case presents such an inquiry into an abuse of office by a state official, the incumbent district attorney general.

The defendant here contends, however, that our General Assembly has limited the power of a grand jury to bring a presentment against an incumbent district attorney general. Specifically, the defendant contends that by enacting Tennessee Code Annotated section 8-6-112, the legislature intended to vest the sole or exclusive authority to investigate and eventually prosecute an incumbent

---

[1]The presentment charged the defendant in Count One with violation of Tennessee Code Annotated section 39-16-403, Official Oppression, and in Count Two with violation of Tennessee Code Annotated section 39-16-402, Official Misconduct.

district attorney general in the Attorney General and Reporter's office. Tennessee Code Annotated section 8-6-112 states:

> The attorney general and reporter has the authority to conduct an investigation and has the authority to initiate the criminal prosecution of any judge, chancellor, or judicial elected official and/or district attorney general whenever:
>
> The attorney general and reporter receives information sufficient to constitute probable cause to investigate whether any official may have violated any state criminal law; and
>
> A decision to prosecute the official by the district attorney general of the district in which the offense occurred or in which a portion of the offenses occurred may result in a personal, financial or political conflict of interest.

The defendant points to the plain language "the authority" to support his position that this provision limits the authority of a grand jury and vests it solely within the Attorney General and Reporter.

In construing statutory provisions, this court must examine the natural and ordinary meaning of the statutory language within the context of the entire statute without forced or subtle construction that would extend or limit its meaning. State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). We give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope and without interpreting it in such a way to yield an absurd result. See State v. Legg, 9 S.W.3d 111, 116 (Tenn. 1999); State v. Butler, 980 S.W.2d 359, 362 (Tenn. Crim. App. 1998). Furthermore, we must presume that the legislature knows of the existing law when it enacts new legislation. See Riggs v. Burson, 94 S.W.2d 44, 54 (Tenn. 1997).

In further support of his assertion that the plain statutory language "the authority" vests sole or exclusive authority in the Attorney General and Reporter, the defendant relies on the Tennessee Supreme Court's decision in Dobbins v. Crowell, 577 S.W.2d 190 (Tenn. 1979). In Dobbins, the Court interpreted the provision, "It shall be the duty of the attorney general [to take certain actions relating to elections]," as vesting exclusive authority in the State Attorney General's office. Dobbins, 577 S.W.2d at 193. The defendant argues that the specific language "the duty" in Dobbins is analogous to the statutory language "the authority" in Tennessee Code Annotated section 8-6-112.

We recognize a distinct difference, however, between a statute setting forth a duty and one granting authority. For example, our General Assembly, in Tennessee Code Annotated section 8-7-103, placed a duty upon the district attorney general "to prosecute in the courts of the district all

violations of the state criminal statutes and perform all prosecutorial functions attendant thereto."[2] The General Assembly also placed a duty on the Attorney General and Reporter "[t]o attend to all business of the state, both civil and criminal in the court of appeals, court of criminal appeals and the supreme court." Tenn. Code Ann. § 8-6-109. This court previously held that this duty vests exclusive authority in the Attorney General and Reporter to handle all matters in the appellate courts. See State v. Simmons, 610 S.W.2d 141, 142 (Tenn. Crim. App. 1980). Our Rules of Criminal Procedure also place a duty upon the grand jury to investigate "any abuse of office by state or local officers." Tenn. R. Crim. P. 6(e)(6).

Had the General Assembly intended for the Attorney General and Reporter's office to have the sole or exclusive authority to investigate and prosecute a sitting district attorney general, it would have enumerated such as being "a duty" of the Attorney General and Reporter's office or would have used the specific language "sole or exclusive authority." Absent a duty or this specific language, we cannot conclude that the General Assembly intended to vest sole or exclusive authority in the Attorney General and Reporter's office.

The defendant also argues that the General Assembly, by implication, limited the grand jury's authority to issue a presentment by developing a procedure in which to investigate and prosecute an incumbent district attorney general. Although we agree that the General Assembly developed a new procedure, this procedure is merely an alternative method to investigate and eventually prosecute an incumbent district attorney general. The provision in question allows this alternative method because situations may arise where a sitting district attorney general might not pursue an investigation, much less seek an indictment, when certain conflicts are present. Rarely, in fact, would an incumbent district attorney general seek an indictment against himself. In addition, the statute is devoid of any mention of the grand jury and claims no effect on the grand jury process.

For these reasons, we conclude that Tennessee Code Annotated section 8-6-112 is independent of the methods of prosecution provided to grand juries. Because the provisions are independent and address two different and distinct processes, in order to give the two provisions proper effect, section 8-6-112 co-exists with the grand jury's duty to inquire into any abuse of office by a state official and power to return an indictment or presentment against someone for a violation of a criminal law. Furthermore, had the legislature intended to limit the power of a grand jury, it would have limited such in the appropriate code provisions setting out the methods of prosecution. See, e.g., Tenn. Code Ann. §§ 40-3-101 to -105.

**Conclusion**

---

[2] We note the unique situation at hand, where conflicts arise within the district attorney general's office, is one such situation anticipated by the General Assembly where the process of prosecution may be modified either by allowing the Attorney General and Reporter to initiate a prosecution or where an attorney general pro tem may be appointed. Nevertheless, whichever official conducts the prosecution, they are merely doing so under the auspices of a substitute district attorney general for that particular district. See, e.g., Tenn. Code Ann. §§ 8-6-112(b), -7-103(1), -7-106.

In light of the reasons above, we hold that Tennessee Code Annotated section 8-6-112 is independent of the methods of prosecution provided to grand juries and serves to expand the authority of the Attorney General and Reporter's office when certain conflicts arise with the incumbent district attorney general. Furthermore, section 8-6-112 does not limit the Grand Jury's duty to inquire or power to bring a presentment against an incumbent district attorney general. Accordingly, we affirm the trial court's denial of the defendant's motion to dismiss the presentment.

_____
JOHN EVERETT WILLIAMS, JUDGE