IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 3, 2007 Session

## ALAN P. WOODRUFF v. FORT SANDERS SEVIER MEDICAL CENTER

**Direct Appeal from the Circuit Court for Sevier County**
**No. 2006-0201-III     Hon. Rex Henry Ogle, Circuit Judge**

**No. E2007-00727-COA-R3-CV  - FILED JANUARY 16, 2008**

Plaintiff's Declaratory Judgment asks the Court to declare the contract he signed with defendant void because it was not sufficiently definite to be enforced, and it was a contract of adhesion.  The Trial Court held that the contract was enforceable and not a contract of adhesion.  On appeal, we hold the contract was enforceable, but whether the contract was one of adhesion is not appropriate for declaratory judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Alan P. Woodruff, *pro se,* and Scott D. Hall, Sevierville, Tennessee, for appellant.

Martin B. Bailey and John L. Miller, Knoxville, Tennessee, for appellee.

### OPINION

Appellant filed a Complaint (Including Class Action) against appellee, averring that he had been admitted to appellee's facility, but that before he could be admitted, he was required to execute a "Consent for Admission and Authorization for Treatment", which he asserted was an impermissible contract of adhesion.  He averred that he had no health insurance, and that the Contract did not reference where he could determine the charges for his treatment.  He also sought

to have a class certified which would consist of all uninsured persons receiving treatment at appellee's facility.

Appellant attached to the Complaint, what appears to be an itemization of his charges incurred, and also a copy of the Consent form.

Appellee answered, averring that the Complaint failed to state a claim, and admitted that it had charged plaintiff $1,029.49 for his first visit, and that it had offered plaintiff both a 30% and a 50% discount off of those charges, against which he has paid nothing. Further, it admitted that it had charged plaintiff $5,035.44 for his second visit, and then averred that it had offered the plaintiff the same discounts, against which he had paid $500.00. Appellant was never admitted to its facility on either visit.

Appellee filed a counterclaim for the outstanding charges that appellant still owed for his treatment, and sought attorney's fees, prejudgment interests, and costs, in accordance with the Consent form.

Subsequently, appellee filed a Motion for Judgment on the Pleadings, pursuant to Tenn. R. Civ. P. 12.03, asking that the lawsuit be dismissed.

The Trial Court held a hearing on February 26, 2007, and held that the Consent form was enforceable and not a contract of adhesion, because it referred to an extrinsic document. The Trial Court stated that the legislature had "set in place certain procedures and guidelines of giving the healthcare providers a certain leeway in their charges", and that was the public policy of the State.

The Court entered an Order on March 15, 2007, granting plaintiff's Motion for Leave to Amend, and also granted appellee's Motion for Judgment on the Pleadings, and dismissed appellant's claims with prejudice pursuant to Tenn. R. Civ. P. 12.03. Appellee's counterclaim was dismissed without prejudice pursuant to Tenn. R. Civ. P. 41.01. This appeal ensued.

**Issues Presented**

1.    Whether the Trial Court erred in entering judgment for appellee based on assertions of fact not supported by competent evidence?

2.    Whether the pricing provision in the Consent form is an unenforceable "open pricing" provision?

3.    Whether the pricing provision is unenforceable because the Consent form is a contract of adhesion?

4.    Whether appellant is entitled to challenge the reasonableness of appellee's

charges?

5.    Whether appellant stated a claim entitling him to relief notwithstanding the enforceability of the pricing provision in the Consent form?

This is essentially a declaratory judgment action, and appellant argues that the Trial Court erred in entering judgment based on assertions of fact not supported by competent evidence. Specifically, the trial court erred in relying on defense counsel's reference to a "chargemaster" that would purportedly show the "facility rates and terms", when no such document was ever introduced.

Our Supreme Court has held:

In reviewing a trial court's ruling on a motion for judgment on the pleadings, we must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion. *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). In addition, "[c]onclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id.*

*Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004). Thus, in this case, we must accept plaintiff's fact allegations as true.

The Consent form at issue contains the following language:

The undersigned agrees, . . . that the PATIENT is liable, and individually obligates himself, for the payment of the FACILITY account in accordance with the FACILITY's rates and terms. The uninsured portion of the FACILITY bill is due in full when billed upon discharge from the FACILITY. Any amounts not paid in full by insurance, for any reason, is [sic] the responsibility of the responsible party and/or PATIENT. After reasonable notice, delinquent accounts may be turned over to a collection agency and/or attorney for collection. The PATIENT or responsible party agrees to pay the costs of collection, including court costs, and reasonable attorney fees associated with the FACILITY's collection of the amount due.

Plaintiff argues the language in this Consent form falls within the ambit of the language used in the contract in *Doe v. HCA Healthcare Services of Tenn., Inc.*, 46 S.W.3d 191 (Tenn. 2001).

In *Doe*, the Supreme Court held that a contract was unenforceable where it contained language stating, "I hereby authorize payment to HCA Donelson Hospital insurance benefits herein specified and otherwise payable to me . . . I understand that I am financially responsible to the hospital for charges not covered by this authorization." *Id*. at 194. In *Doe*, that plaintiff signed the document, had surgery, and then did not pay the balance remaining on her portion after her insurance

company paid its portion. The hospital referred the plaintiff's account to collection, and the plaintiff sued the hospital, seeking a declaratory judgment that the hospital breached its contract by demanding unreasonable charges for its services. The hospital moved for summary judgment, arguing that plaintiff's claim was really that the contract contained an open price term, but that the term "charges" was not such an open price term, but rather was definite because it could be ascertained by looking at the hospital's chargemaster. *Id*.

The Trial Court upheld the contract, because the term "charges" could be quantified by referring to the chargemaster. On appeal, this Court found the contract to be indefinite, because the contract did not refer to any "document, transaction or other extrinsic fact" to ascertain the amount of the "charges", and that while the price term was indefinite, the contract was enforceable, and the plaintiff was obligated to pay charges that were reasonable.

In the Supreme Court it was held that a contract had to be "sufficiently definite to be enforced", and that if the parties had not agreed on a "reasonable price" and had not prescribed a practicable method for determining the same (such as referring to another "document, transaction or other extrinsic facts"), the contract was too indefinite to be enforced. The Court reviewed the subject contract language and agreed that the price term was indefinite, because the contract did not reference any other "document, transaction or other extrinsic fact" by which the "charges" could be determined. The Court held that the contract was thus unenforceable, but that the hospital was entitled to payment of reasonable charges based on quantum meruit.

The case before us is distinguishable from *Doe*. The contract in this case uses the language "facility's rates and terms" vis-a-vis "charges" in the *Doe* contract. The *Doe* contract employed "charges" as a verb esoteric in nature, i.e., charges between the patient and hospital, while in this case "rates and terms" are nouns, tangible in nature, referencing established rates and terms. "Facility's rates and terms" come within the meaning of the Supreme Court's statement in *Doe*, requiring a reference to other "document, transaction or other extrinsic facts". The consent form informs the patient that the appellee has established rates and terms in its facility where the reasonableness of the charges could be determined. Accordingly, the pricing under this contract is not indefinite. The case of *Shelton v. Duke University Health System, Inc.,* 633 S.E.2d 113 (N.C. App. 2006) is persuasive. In that case a North Carolina Court ruled that a consent form which stated that the patient would pay "in accordance with the regular rates and terms of the hospital at the time of the patient's discharge", was sufficiently definite to be enforced.

Next, plaintiff argues the contract is one of adhesion, and that it was executed by him under duress, and he seeks a declaration of the rights and duties of the parties pursuant to this contract/transaction.

Declaratory Judgment actions are expressly allowed for issues involving the validity/construction of contracts and other instruments, either before or after a breach, Tenn. Code Ann. §§29-14-103 and 104, and we affirm the Trial Court's ruling declaring the validity of the contract under consideration.

The Trial Court further ruled, however, that the contract was not one of adhesion, as charged by appellant. This issue, however, is an issue of disputed fact as raised by the pleadings, and declaratory judgments are not appropriate where an investigation of disputed facts must first necessarily be determined. *Newsun v. Interstate Realty Co.,* 152 Tenn. 302, 278 S.W.56, (1925); *Nicholson v. Cummings*, 188 Tenn. 201, 217 S.W.2d 942 (1949). Accordingly, we reverse the Trial Court's determining, as a matter of declaratory judgment, the issue of whether the contract is one of adhesion.

As to the issue of certifying a class, it is generally held that these actions are inappropriate for class action status. *See Maldonado v. Ochsner Clinic Foundation,* 493 F.3d 521 (5th Cir. 2007); *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671 (S.D. Fl. 2007). However, our decision upholding the validity of the contract renders this issue moot.

In sum, we hold the contract is valid, but the issue of adhesion is inappropriate to be determined in this case, since the pleadings raise disputed issues of fact. Accordingly, we affirm the Judgment of the Trial Court in part and reverse in part, and remand for the entry of an Order in accordance with this Opinion.

The cost of the appeal is assessed to the appellant, Alan P. Woodruff.

_____
HERSCHEL PICKENS FRANKS, P.J.