IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2009

**KENYALE PIRTLE v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Haywood County
Nos. 4940, 4995, 4996     Clayburn Peeples, Judge**

**No. W2008-01934-CCA-R3-HC  - Filed June 25, 2009**

The petitioner, Kenyale Pirtle ("Pirtle"), appeals the summary dismissal of his petition for writ of habeas corpus.  In this appeal, Pirtle raises a single issue for our review.  He argues that the trial court erred in granting the motion to dismiss because the Attorney General and Reporter, acting through one of his assistants, had no authority to file a motion to dismiss in the habeas court.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Bob C. Hooper, Brownsville, Tennessee (on appeal); Tom W. Crider, District Public Defender; J. Diane Blount, Assistant Public Defender, Trenton, Tennessee (at trial); for the petitioner-appellant, Kenyale Pirtle.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Garry G. Brown, District Attorney General; Larry Hardister and Matt Hooper, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On April 25, 2003, the petitioner, Kenyale Pirtle, negotiated plea agreements in cases 4940, 4995, and 4996 in Haywood County Circuit Court.  In case 4940, Pirtle pled guilty to felony evading arrest and driving on a revoked licensed.  He received a concurrent sentence of two years for the felony evading arrest conviction and eleven months, twenty-nine days for the driving on a revoked license conviction.  In case 4995, Pirtle pled guilty to three counts of theft of property over $1000 but less than $10,000, two counts of auto burglary, burglary, and vandalism over $1,000 but less than $10,000.  He received a concurrent sentence of four years for each theft conviction, two years for each auto burglary conviction, four years for the burglary conviction, and four years for the vandalism conviction.  In case 4996, Pirtle pled guilty to felony evading arrest and driving on a

revoked license. He received a concurrent sentence of two years for the felony evading arrest conviction and eleven months, twenty-nine days for the driving on a revoked license conviction. In addition, the sentences received in cases 4940 and 4996 were to be served concurrently but consecutively to the sentence received in case 4995 and a Lauderdale County sentence,[1] for an effective sentence of at least six years to be served in community corrections.[2]

On June 26, 2003, Corrections Management Corporation, a community corrections program, filed a petition with the trial court alleging that Pirtle had violated the terms and conditions of his "Behavioral Contract Agreement." On June 3, 2004, Pirtle entered a guilty plea to the community corrections violations and was ordered to serve his sentence in the Tennessee Department of Correction. In addition, Pirtle's sentence in case number 4940 was increased by one year, for a total effective sentence of seven years.[3]

On November 12, 2004, Pirtle filed a petition entitled "Writ of Habeas Corpus" in Haywood County Circuit Court asserting that: (1) he was not granted a community corrections revocation hearing; (2) he received ineffective assistance of counsel; (3) the trial court abused its discretion in imposing concurrent and consecutive sentences; (4) he did not meet any of the criteria prescribed by statute for the imposition of a consecutive sentence; and (5) he is entitled to pretrial jail credits. On December 14, 2007, Pirtle filed a second petition entitled "Petition for Writ of Habeas Corpus" in Haywood County Circuit Court asserting substantially the same claims that were in his first petition.

On June 23, 2008, an Assistant District Attorney General filed a motion entitled "Motion to Dismiss Writ of Habeas Corpus and Petition for Writ of Habeas Corpus or in the alternative for Continuance to Allow the Defendant to File an Amended Petition." On June 30, 2008, Pirtle amended his petition, asserting the following:

> This court has jurisdiction to hear this case since it was the original sentencing court. Relevant documents regarding the issues raised regarding his sentence are on file in the Circuit Court of Haywood County. Further, at the time of filing this petition he was [sic] West Tennessee State Prison in Henning, Tennessee. He is now housed in Mountain City, Tennessee.

---

[1]The Lauderdale County judgment was not included in the record; however, Pirtle admitted at the guilty plea hearing that he was sentenced to three years to be served in community corrections for the Lauderdale County conviction.

[2]The trial court's order filed on June 26, 2003, states that Pirtle was sentenced to an effective sentence of eight years for indictment numbers 4940, 4995, and 4996; however, the judgments reflect and both parties agree that Pirtle's effective sentence for indictment numbers 4940, 4995, and 4996 is six years.

[3]The trial court's revocation order did not mention the increase in Pirtle's sentence.

On July 30, 2008, an Assistant State Attorney General filed a "Motion to Dismiss Petition for Writ of Habeas Corpus," referencing both of Pirtle's filed petitions. By order entered August 4, 2008, the trial court granted the motion, stating that "[t]he petitioner has filed his petitions in the wrong venue, has failed to comply with the mandatory provisions of Tenn. Code Ann. § 29-21-107, has failed to allege a colorable claim for relief, and has failed to properly support his factual allegations." On August 6, 2008, Pirtle amended his petition for writ of habeas corpus to attach the judgments of the convictions from which he complains. On August 25, 2008, Pirtle filed this timely appeal.

## ANALYSIS

Pirtle contends that the trial court erred in granting the motion to dismiss because the Attorney General and Reporter, acting through one of his assistants, had no authority to file a motion to dismiss in the habeas court. The State counters that the trial court properly dismissed the petition because the Attorney General and Reporter "has a statutory duty to represent the respondent in a habeas corpus case." We agree with the State.

The Tennessee Constitution, Art. 6, section 5 establishes the offices of the State Attorney General and Reporter as well as the offices of District Attorneys General. Tennessee Code Annotated section 8-6-109, sets forth the duties of the State Attorney General and Reporter and provides, in pertinent part:

> (a) The attorney general and reporter has and shall exercise all duties vested in the office by the Constitution of Tennessee and all duties and authority pertaining to the office of the attorney general and reporter under the statutory law. The attorney general and reporter is authorized to utilize and refer to the common law in cases in which the state of Tennessee is a party.
>
> (b) In addition to the duties described in subsection (a), the attorney general and reporter, or assistants acting at the attorney general and reporter's discretion, has the following duties:
>
> > (1) The trial and direction of all civil litigated matters and administrative proceedings in which the state of Tennessee or any officer, department, agency, board, commission or instrumentality of the state may be interested[.]

T.C.A. § 8-6-109(b)(1).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution and procedures for obtaining such relief are governed by Tennessee Code Annotated section 29-21-101, et seq. In State ex rel. Folds v. Hunt, the Tennessee Supreme Court recognized that "[t]he writ of [h]abeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit [] in which the record of the trial court is not open to collateral attack but imports absolute verity." 391 S.W.2d 629, 632 (Tenn. 1965) (quoting Riddle v. Dyche, 262 U.S. 333, 43 S. Ct. 555 (1923)); see also Davis v. State, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008).

-3-

Although there are differences between general civil litigation and habeas corpus actions, "habeas corpus proceedings are essentially civil in nature." <u>Joseph Miles v. State</u>, No. M2006-02088-CCA-R3-HC, 2007 WL 1828879, at *5 (Tenn. Crim. App., at Nashville, June 26, 2007), <u>perm. app. denied</u>, (Tenn. Sept. 17, 2007).

In support of his position, Pirtle cites Tennessee Code Annotated section 8-6-109, enumerating the powers and duties of the Attorney General and Reporter, and argues that it does not "list as a duty to prosecute violations of the state criminal statutes in the Circuit Courts of Tennessee." He further relies upon <u>State v. Simmons</u>, 610 S.W.2d 141, 142 (Tenn. Crim. App. 1980), a criminal matter, wherein the State Attorney General filed a motion to dismiss its direct appeal as to the appellees. The District Attorney General filed a motion objecting to the dismissal, and argued that he had the right to pursue the State's appeal notwithstanding the position of the State Attorney General. Considering Tennessee Code Annotated sections 8-7-103 and 8-6-109 combined, this court held that "the legislature has given the District Attorney General the power to prosecute <u>criminal cases</u> at the trial level, and that the State Attorney General has been given the full right, power and exclusive authority to prosecute criminal cases and/or pursue other remedies that may be attendant to such cases in the appellate courts." <u>Id.</u> (emphasis added).

We agree with Pirtle that the Attorney General and Reporter has no authority to prosecute violations of state criminal statutes in the Circuit Courts of Tennessee. However, as set out above, a petition for habeas corpus is not a criminal proceeding. <u>Simmons</u> is distinguishable from the instant case because it was a direct appeal of a criminal matter. In other words, even though Pirtle's underlying prosecution and conviction were criminal proceedings in the exclusive power and authority of the District Attorney General, the writ of habeas corpus is a separate and distinct civil action. As a civil proceeding, the Assistant Attorney General had a duty to respond to the petition as required by Tennessee Code Annotated section 8-6-109(b)(1). <u>See</u>, <u>e.g.</u>, <u>Simerly v. Norris</u>, No. 1071, 1987 WL 8315 (Tenn. Crim. App., at Knoxville, Mar. 26, 1987). Accordingly, the trial court did not err in granting the motion to dismiss the habeas corpus petition, and Pirtle is not entitled to relief on this issue.

## CONCLUSION

We conclude that the petition for habeas corpus relief was properly dismissed by the trial court because the State Attorney General had a statutory duty to respond to the petitioner's habeas corpus petition. Accordingly, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE